### SHANGLE, in re Estate of

Ohio Appeals, 5th Dist, Perry Co
No 182.   Decided March, 1390

W. A. Hight, Thornville and J. E. Powell, New Lexington, for complainant.

Meyer & Crossan, Zanesville, for defendant in Error.

LEMERT, PJ and SHERICK, J (5th Dist) and ROBERTS, J (7th Dist) sitting.

LEMERT, PJ.

Complaint is made that Shangle disposed

of these Certificates in his will. We do not believe this contention is well taken. He could only dispose of such property as was his at the time of his death. He had by his act, conduct and direction, disposed of these Certificates and the money represented thereby before he made his will. Having thus disposed of them, they could not pass under his will as they would not then become or be assets of his estate: or, in other words, they were the joint property during the life of Shangle of him and his wife and at his death became the property of his wife.

This case was argued at length orally and well prepared and exhaustive briefs have been filed herein and we have examined them with a great deal of interest and care. It is not necessary to herein repeat at great length the claims herein made.

First, with reference to the question of possession. The last word on such a question as herein presented is to be found in **120 Oh St 542**, wherein it is held:

"Where a certificate of stock in a corporation is issued in the joint names of two persons, by their agreement and consent, the delivery of the Certificate to one is a delivery to both, and the possession of one is the possession of both."

We believe that rule is applicable in the case at bar.

In the case of Osterland, Administrator, vs. Schroeder, the facts were very similar to the case at bar. The account was in the name of both wife and husband; the wife died: and in a suit brought by the administrator the Court held that the title of the property was in the survivor, towit, the husband. Part of the syllabus of that case is:

"Where a decedent deposited moneys in Savings Bank, notation adding S's name to account and that either, or in case of death of other survivor, may draw part or whole, and that either may draw balance at death of either, payable to survivor; held; sufficient to convey title thereto to S."

**22 Oh Ap 213.**

In **114 Oh St 241**, without quoting at great length in that case, suffice it to say that on page 248 of the Opinion the Court say:

"The bank book was left at the bank, where, as the record shows, payment would have been made to Mrs. Richardson during Green's lifetime if she had appeared to make a withdrawal. Being joint owner of Green's choses in action against the bank, with a right equal to Green's, at Green's death Mrs. Richardson was entitled to possession of the money due upon the account as against the Administrator."

The case of the **Trust Company vs. Scobie, 114 Oh St,** we find to be an exhaustive case, well treated and analyzyed and in point with the case at bar. A vast number of cases have been referred to in that case by Judge Allen in deciding the same, found within our own as well as other jurisdictions. The Supreme Court in the Scobie case, in a general summing up, holds:

"That the authorities do not ground their conclusions upon the proposition that a bank book must be left in the possession of a third party in order to create a joint interest in the deposit in a transaction of this kind. It is generally held that delivery of a bank book is not a prerequisite to the creation and transfer of a joint title in a savings deposit, and further, that a deposit of money in bank to the credit of the depositor or his wife, or the survivor of them, operates as a gift to the wife, though she never had possession of the pass book."

In this same Scobie case the Supreme Court of Ohio held that upon the death of the person creating the account the property passed and vested in the one in whose name the joint account was created as against the Administrator of the estate.

It is claimed on behalf of Counsel for complainants in this case that Judge Allen in the Scobie case does not base her decision on the authorities cited. It will be noted that in the Opinion of the Court in the Scobie case, at page 254, is the following language:

"The joint interest created by the opening of such an account was always subject to the right of the person who opened the account to determine and revoke the authority to withdraw."

In the case of the Desmond account this right was exercised. Not being exercised before Green's death in the Richardson account, Mrs. Richardson was entitled to possession and ownership of the balance of the deposit as against the Administrator.

**114 Oh St 254.**

We believe that a similar condition exists in the instant case—that is, that these certificates created a joint interest in the husband and wife, in both while they lived.

As to the contention of counsel for complainants in claiming that Judge Allen in the Scobie case based her decision on a contract, we believe that these certificates in the instant case were contracts—that is, that Shangle contracted with the banks to hold his money and to pay it to himself or wife, and further contracted that in the event he died, his wife was to have the money arising from the certificates.

This same rule has been followed in the case of **Saba, Administrator, vs. The Cleveland Trust Company, 23 Oh Ap 163.**

In the **27 Oh Ap, page 284**, a very interesting case is to be found in the case of **Bank vs. LeBeau**, where was the evidence of an intent to make a gift by a father, who deposited in the bank a fund to the account of himself and his daughter, jointly, the certificate of deposit giving to either the power to draw on his order or her individual order during their joint lives, and the balance, upon the death of either, to be long to the other. The Court held that from this evidence was indicated an intention on the part of the father to create in his daughter a personal estate in the fund equal to his own, together with a sole right to such fund in the case of his death.

This case is to be found in 161, N. W., 974.

It is further noted in this case that the Vice President of the bank, with whom LeBeau left the money, testified that when

the deposit was made, the instruction was given that in case of the depositor's death the proceeds of the deposit were to go to the daughter. The Court held:

"A personal gift is affected by a man's depositing in the bank a fund to the account of himself and his daughter jointly, with power to either to draw on his or her individual order during their joint lives and the balance upon the death of either to belong to the other."

In the instant case or the case at bar we have Shangle giving the same instructions when the several deposits were made. So in the instant case the declarations of Shangle when the deposits were made and the certificates were issued were a part of the res gesta and as such are a part of the transaction and they clearly show this intention and purpose. Manifestly these certificates became, on the death of Shangle, and were, the sole property of Elizabeth Shangle and she had the lawful right to so treat them. The record shows that there was no element of secretion or embezzlement about any of her transactions. It was all done openly and aboveboard. She concealed nothing. There was no misappropriation, for it was her own property, and she had the absolute right to the certificates and to make such disposition of them as she wished.

The Probte Court having heard the testimony and the evidence and construing the law, found in favor of the executor and dismissed the complaint. Said Court found that the question of survivorship in Mrs. Shangle was clearly established.

We find and hold that the judgment of the Probate Court was fully warranted by the evidence and the law. It therefore follows that the finding and judgment of the Probate Court will be and the same is hereby affirmed.

Exceptions may be noted.

Sherick, J, and Roberts, J, concur.