**SAMS, Admr v CRONE, Admr**

Ohio Appeals, 4th Dist, Highland Co

Decided April 29, 1932

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, and R. B. McMullen, Hillsboro, for plaintiff in error.

Young & Barnes, Georgetown, for defendant in error.

MAUCK, PJ.

In this court the plaintiff in error has frankly stated that he claims for his decedent no title to the certificate of deposit in question by reason of the language in the instrument that provided for payment. to Joseph Crone in case of the death of Jennie. The position of the plaintiff in error is, however, that while his decedent took nothing because of this language he was nevertheless the owner of the certificate because, as he claims, Jennie Crone gave the certificate to Joseph Crone after its issue by the bank. There is testimony to this effect. Catherine Crone, the widow of Joseph Crone, testifies that after the certificate was issued in February, 1928, and on the same day, Jennie Crone handed the certificate to her son Joseph and said "That is yours." The certificate was not payable to bearer, nor to order in terms, but was payable to Mrs. Crone herself "on return of this certificate properly endorsed." It has been argued on the part of the defendant in error that as the certificate required the endorsement of the payee and was not endorsed by her there was no consummated gift of the certificate because the alleged donor had not done what she might have done to divest herself of control over the certificate and invest the alleged donee with full dominion. The argument would seem to us persuasive if a different view had not been expressed by the Supreme Court. That court in **Polley v Hicks, 58 Oh St 218,** had before it a case where a gift was claimed of a deposit book evidencing a savings account. There is no analogy in the facts in that case and the case at bar. In that case, however, the court went somewhat beyond what was necessary to determine that particular case in saying in effect that a delivery of notes payable to order might be accomplished without an endorsement of the notes. Similar language was used by the Court of Appeals of this district in **Merchant v Building and Loan Company, 1 Oh Ap 47.** For the purposes of this case we conclude that in gifts inter vivos, as well as those causa mortis, delivery might be accomplished of a negotiable instrument without endorsement.

It does not follow, however, that because there was some evidence tending to show a consummated gift that the trial court was bound to find that such a gift was consummated. While the evidence of Catherine Crone tended to show that the old lady had intended to give this certificate to the son, and had handed it to him, the trial court was bound to take into consideration a number of circumstances that strongly reflected against any such purpose upon the part of the mother. The gift, if made at all, was made upon the same day that the certificate was issued. If the old lady had desired to part with her property the simple method would have been to have caused the new certificate to have been issued in Joseph's name and not to have postponed the expression of the gift and its

delivery until five minutes after that event. The certificate was found in the possession of the alleged donee after the death of the alleged donor but it would have been in Joseph's possession just as surely if his mother had never made him a gift of it as if she had, so that there was no change of possession to give corroboration to the claim that a gift was made. Furthermore, the parties knew that the certificate would require endorsement. The natural thing would have been for the mother to have endorsed the instrument which she desired to give. It is true that on previous occasions she had authorized Catherine to sign her name but the power exercised on those occasions could not have been subsequently exercised by Catherine. She was only authorized to endorse the notes with Jennie's name for the purpose of getting a new certificate in Jennie's name. She was never given any authority to endorse Jennie's name for the purpose of consummating a gift to Joseph.

Finally, it must be recalled that courts are not obliged to take the evidence of a witness or a group of witnesses as expressing "the truth, the whole truth and nothing but the truth." If so there would be no end of the opportunity for engrafting trusts upon deeds and circumventing the purposes of those who had prudently attempted to have their business relations evidenced by written instruments.

This case, after all, involves but the weight of the testimony. Our conclusion is that not only is it impossible for us to say that the trial court was manifestly wrong but that we are bound to say it was manifestly right.

Judgment affirmed.

MIDDLETON and BLOSSER, JJ, concur.