**BURNS, ESTATE OF, In Re**

Ohio Appeals, 2nd Dist, Darke Co

No 485. Decided July 11, 1935

Jesse K. Brumbaugh, Greenville, and Harvey Crow, Massillon, for plaintiff in error.

Billingsley & Manix, Greenville, for defendant in error.

**OPINION**

By BODEY, J.

In the case of **In re Estate of Hutchison, 120 Oh St, 542**, the Supreme Court very definitely holds that joint tenancy with the incidental right of survivorship does not exist in Ohio. The court further holds, however, that parties may contract for a joint ownership with the right of survivorship and at the death of one of the joint owners, the survivor succeeds to the entire interest, not upon the principle of survivorship but by the operative provisions of their contract. Of course in the instant case there are no words of survivorship employed in the certificates of deposit. If there had been such words of survivorship, then there is little doubt under the decisions in Ohio but what ownership of the certificates would have passed to Ella Burns immediately after the same had been made. This is true because the intent of the depositor, Elias Burns, would then have been evident from the certificates themselves, and he would have been in the situation of having directed the bank of New Madi-

son in writing to pay the amount represented by any given certificate of deposit, either to himself or to his wife, or to the survivor of either of them in case of death. Under such a state of facts, the certificates would have shown on their face, too, that the bank accepted the responsibility of payment to either in life or to the survivor after the death of the other. What Elias Burns might have directed his bank to do in the preparation of its certificate of deposit, he could have made the subject matter of a contract with his wife, Ella Burns. If he did so contract with her, and if certificates of deposit were issued payable to either his wife or himself, then she might hold as a joint payee under her contract with her husband. We should therefore look to the facts which surrounded the execution of these certificates of deposit. The evidence in this case clearly shows from the testimony of the cashier of the bank of New Madison, that Elias Burns wanted to set aside a fund for the benefit of his wife, and that he wanted to provide a nest egg for her. The evidence of the defendant, Ella Burns, is much more voluminous on this point and at numerous places in her testimony she gives the substance of conversations with her husband. The substance of these conversations is that her husband desired to protect her against his children and that for that reason he had so directed the preparation of these certificates of deposit. Note the testimony of the cashier of the bank concerning the issue of renewals of certificates and the fact that Ella Burns did endorse the same. Exhibit 6 above referred to was dated more than a year prior to the death of Elias Burns, and, as already stated, was payable to either his wife or himself. It bears the endorsement of Ella Burns, and that endorsement was made prior to his death. She must have had this certificate in her possession in order to endorse the same. The testimony of Ella Burns further shows that she had in her possession during the lifetime of her husband all of the certificates which were made payable to either of them. This testimony is not refuted in any way.

Counsel for the plaintiff in error have claimed that because the money which purchased these certificates of deposit was that of Elias Burns, as shown by the certificates, the same could not be transferred to his wife except that the transaction constituted a completed gift.

We are of opinion that the transaction between Elias Burns, the bank and his wife must be measured by the evidence

which surrounded the preparation of these certificates of deposit and their delivery to Elias Burns by the bank, rather than by his conduct with reference to these same certificates after he had them in his possession. The reasoning of the court in the case of **The Cleveland Trust Co. et v Scobie, Admr., 114 Oh St, 241,** is quite helpful. The court there says that when a deposit is made in a banking institution, the depositor does not expect to have returned to him the specie which he deposits, but that he does create with the acceptance of this deposit by the bank the relationship of debtor and creditor. After making this statement, the court says,

"Hence the specific question before us is not whether Green made a gift of the fund in specie, but whether he created in his sister a joint interest in the deposit equal to his own."

The gist of the case above quoted is that there must be a present intention in the mind of the depositor to create in the other person an interest in his deposit equal to his own, and that power must be conferred upon the survivor to draw the whole of the account upon the death of the other. The authorities cited by the court support the proposition that delivery of the pass book to the joint payee is not necessary to complete the transaction. This reasoning is equally applicable to a case involving a certificate of deposit. If it was not necessary to deliver the pass book to the joint payee in order to complete the transaction in the Scobie case, supra, it was likewise unnecessary to show a delivery of the certificates in the instant case. The intention of the depositor in the Scobie case was apparent but not more apparent than in this case. Here, the intention of Elias Burns is manifest from an examination of the certificates themselves and that intention was communicated to the banker who prepared and delivered these certificates to him. Here, too, the depositor informed his banker of his reasons for desiring the issue of such certificates. The case of **In Re Estate of Shangle, 8 Abs 621,** analyzes the opinions in the cases herein referred to and is further authority for the holding which we make. It is our view that the transaction was complete at the time the certificates were issued and that nothing more could have been done by Elias Burns to have made the same more effectual as to his wife, Ella Burns, unless the certificates had contained a provision positive for payment to the survivor. We would be inclined to agree with counsel that, if the testimony did not show an intention on the part of Elias Burns, at the time of the issue of these certificates, to pass to his wife ownership in the same, the transaction would not be complete, in the absence of a survivorship clause in the certificates themselves. But it seems to us that the testimony and the evidence is ample to justify the verdict which was returned by the jury in this case.

Counsel claimed in their brief that the ownership of this money was presumed to be in the name of him who had made the deposit. In support of that proposition they cite the case of **Foraker, Executor v Kocks, Admr., 41 Oh Ap, p. 210 (11 Abs 545).** The only statement in this case which would support such a view of the law is the following:

"It is to be noted that in Ohio ownership is presumed to be vested in the names as given in the deposit or investment, **in the absence of other testimony to the contrary.**"

In the instant case, as the court has already indicated, there is ample testimony to lead the court to believe that when these deposits were made by Elias Burns, he intended them to immediately pass to his wife for the purpose of withdrawal, and he intended for her to draw the entire principal in case she survived him.

Counsel complain that the court erred in refusing to give their five special requests. The first, fourth and fifth of these requests, in one way or another, concern the retention of control of Elias Burns over these certificates of deposit during his lifetime. Under our view of the law the deceased during his lifetime had an absolute right to have these certificates in his possession because the same were payable to him equally as well as to his wife. In other words, in order to establish a completed gift of his money it was not required that this deceased should turn over absolutely to his wife these certificates. Had this been done, Elias Burns might have defeated his own ability to cash these certificates in the event that his wife pre-deceased him. It was sufficient, if when he had the original certificates issued, that he explained to his banker that he desired to make provision for his wife and that he desired that she should draw the face of the deposits either during his lifetime or after his death if she survived him. This first request for special instruction is taken from the case of **Flanders v Blandy, 45 Oh**

St, 108, and is the definition of a gift inter vivos which is there given by the court. This is a proper definition of such a gift, but it was not a proper instruction in this case for the reasons just given.

Their second special request would place the burden of establishing ownership of these certificates of deposit by clear and convincing evidence upon the defendant, Ella Burns. There was no burden upon her in this case. The entire burden was upon the plaintiff in error, the complainant below, and before the jury was entitled to find against the defendant on the charge of concealment of assets, the complainant below should have established his case by a preponderance of the evidence.

The third special request has already been inferentially referred to by statements above made concerning the law quoted from the case of Foraker, Admr. v Kocks and for the reasons already given was properly refused.

The court's holding on the first request applies to the fourth and fifth requests. These requests were not proper under our view of the law. The reasons therefor are above set forth.

We have given considerable thought to the charge of the trial court, and while the same might be open to some objections, it is our opinion that it properly states the law. Some reference was made in this charge to the law governing gifts and in these particulars it could not have been prejudicial to plaintiff in error. Counsel for the complainant did not request the trial court to charge further upon any particular subject after it had concluded its charge. If, therefore, the charge of the court on the law was not full and complete, counsel should have requested the court to go further. This was not done, but counsel did request the court again to give its five special instructions. In our view the court would have committed error which would have been prejudicial to the defendant if any of these requests had been given.

The lower court properly overruled the motion for a new trial. We have been furnished with a copy of the court's opinion upon this motion, and it is a very fair and full statement of the law governing the case and the evidence supporting the verdict. The judgment is not contrary to law nor is it against the weight of the evidence. We are unable to find any evidence which was not admitted upon ruling of the trial court, which prejudicially affected the plaintiff in error, nor do we find any evidence admitted over the objection of counsel for

the plaintiff in error which was prejudicial. There are no other errors upon the face of the record which are prejudicial to the plaintiff in error.

For the reasons herein given, the action of the lower court is affirmed.

BARNES, PJ, and HORNBECK, J, concur.