## GREEN, ESTATE OF, In Re.

Ohio Appeals, Second District, Miami County.

No. 409.   Decided March 26, 1942.

Fullerton & Dungan, Troy, for appellant.
Harry C. Busch, Troy, for appellees.
W. A. Haines, Troy, for executor.

### OPINION

By GEIGER, P. J.

This case is before this court on appeal on· questions of law from the Probate Court of Miami county, Ohio.

The estate of Clarisca May Green was being administered in the Probate Court and upon filing of the inventory, one Emerson Gearhart excepted to the inventory filed by Charles H. Snyder, as executor, for the reason that certain assets belonging to him (Emerson Gearhart) have been included in the inventory of said estate and have been listed in said inventory as being part of the estate.

The property so claimed by Gearhart is described as a Joint Stock Farm Loan bond in the amount of $1,000.00.

The court upon hearing the evidence upon said exception, found that the execption was not well taken and overruled the same, from which order of the court notice of appeal was given on questions of law and fact.

A motion to dismiss the appeal on the grounds that the exceptions to an inventory and appraisement were not appealable was filed May 5, 1941. This court held under date of October 10, 1941, to the effect that the appellant erroneously stated that the appeal was on questions of law and fact instead of appeal on law, but that appellant was entitled to appeal to this court on questions of law and that his erroneous designation of his appeal being on law and fact will not cause its dismissal. The motion to dismiss the appeal was overruled and time given for preparation and allowance of a bill of exceptions. This bill was filed. It is not long, but nevertheless presents an interesting question.

Upon the death of Mrs. Green, Charles H. Snyder was appointed executor and upon opening the box, in the presence of the county auditor, found the envelope with the bond in it with the endorsement, "This is property of Emerson Gearhart". Neither the bond nor the enclosing envelope is disclosed by the bill of exceptions. Thereupon Snyder notified Emerson that the property would be appraised on a certain day and Emerson went to the bank and answered certain interrogatories in reference to the transaction between himself and Mrs. Green substantially to the same effect as hereinafter stated. His statements made at the bank were taken down by a stenographer and afterwards transcribed and referred to by the stenographer, but do not appear in the bill of exceptions. Emerson was unable to identify the bond handed to him. Considerable conversation was held in relation to the bond and the envelope containing same. The result was that the executor retained possession of the bond and the same was appraised, with the result that Emerson excepted to the appraisement and appealed to this court.

The court below in passing upon the matter stated there was some testimony offered as to promises that a bond was to be left for Emerson and also that a paper, supposed to be the bond, had been handed to him and returned, but that there was no identification either as to the name or the amount. The decedent took possession of the paper. The court holds that from the authorities, a valid gift inter vivos was not completed and that the finding of some unidentified bond in the bank box marked "Property of Emerson Gearhart" is not sufficient to show it was the property handed to Emerson by Mrs. Green and concerning which she made the promises and that such promises do not establish a gift inter vivos.

Counsel for appellant advances three alternative positions,

(1) He insists there was a valid gift inter vivos and the fact that Emerson returned the bond to the donor for the purpose of clipping the coupons when they came due, did not invalidate such gift.

(2) That if a valid gift was made by Mrs. Green to Emerson, who was then 19 years of age, and he, after such valid gift was made, handed the bond back to Mrs. Green, that such act being that of a minor did not deprive the transaction of its validity as a valid gift inter vivos and that Emerson upon arriving at age could repudiate any act performed by him while a minor and that he did repudiate the act by excepting to the inventory.

(3) If there is failure to show by adequate evidence that there was a valid gift inter vivos, a trust was established by the action of Mrs. Green in favor of Emerson which could now be enforced even though the circumstances under which the bond was handed to Emerson and further action of the parties did deprive the transaction of its efficacy as a gift inter vivos, yet that the trust could be enforced.

We have been relieved of much research in reference to gifts inter vivos and trust agreements by recent well considered decisions of the Supreme Court. We will not go back of these most recent cases as we think they are sufficient to furnish the principles upon which this case should be determined.

The first case we will cite is that of **Bolles v. Trust Company, 132 Oh. St., 21.** We might point out certain of the principles there laid down. For a valid gift inter vivos there must be an intention to transfer the title to particular property and in pursuance of such intention a delivery by the donor of the subject matter of the gift with relinquishment of ownership. To support a gift inter vivos clear and convincing evidence is required; to sustain a gift declarations of the donor are admissible but must include the statement of delivery or facts from which actual delivery may be inferred. A gift inter vivos has no reference to the future but goes into immediate effect. There must be an actual delivery of the chattel so far as the subject is capable of delivery. The donor must part not only with possession but with control; an intention to give is not a gift. Gifts inter vivos are watched with caution and to support them clear and convincing evidence is required. To support a gift inter vivos there must be clear and convincing proof of an intention on the part of the donor to transfer the title then and there, and the delivery by the donor of the subject matter of the gift with relinquishment of ownership, dominion and control.

Other cases to which reference may be made for further examination of this question are,

Streeper, Admr., Appellant v. Myers, 132 Oh. St., 322 (1936). (The opinon of this court in the above entitled case by Barnes, P. J. may be found in 23 Abs 295.)

In re Estate of Burnes (Darke county) 21 Abs 148.

Kneisley v. Penquite, 27 Abs 641 (Clark county).

McEbright v. Vogle, 31 Abs 620.

We do not deem it necessary to make definite analysis or quotations from these cases further than those already given in reference to the Bolles case.

Our problem is to apply the cases and principles to the facts developed in this case. The bill of exceptions begins with the testimony of Rena Gearhart, the mother of Emerson Gearhart. She testifies to some preliminary matters of no particular import except to develop the fact that she and her son visited Mrs. Green in January, 1937, at her home. While Mrs. Gearhart and her son were at Mrs. Green's house, Mrs. Green mentioned "That she had a bond for Emerson of $1000.00 that she wanted him to have". On a return trip from Troy she brought the bond with her and then stated to Emerson in the presence of his mother, "Well Emerson I brought this bond out for you, it is yours and I want you to have it". She got it from a desk and said, "Now I want you to have this but I would like to have the coupons". "You may take it now if you want and send me the coupons or else I will keep it for you and then at my death I want you to be sure to have it. You will find it in my lock box with your name written on it, 'This is property of Emerson Gearhart'". She further said, "You be sure and see that you get that because you will find it in there and I want you to have it". At various other times Mrs. Green referred to the bond and said to Emerson, "Now Emerson don't forget there is a bond in the box for you. When I die I want you to be sure to have it." Emerson at that time was a lad of 19 years going to college. Mrs. Green handed the bond to him saying "Since I have it here I will let you look at it" and she handed it to him and Emerson looked at it a few minutes and then passed it back, Mrs. Green saying "I will take it back now and put it in the box for you and when I die you will find it in there with your name on the envelope." When the box was opened the envelope was found with the inscription, "This is the property of Emerson Gearhart". Emerson knew that the bond was in the box in his name. He stated that he had never drawn the interest, that it was hers until she died, "Then it was mine". Emerson could not identify the bond. The question was asked of him, "Did you ever have possession of it?" to which the answer was made, "No, I never did". The statement by Mr. Gearhart that he never had possession of the bond was made at the time of the appraisement at the bank and the court would not

permit an explanation to be made by Emerson as to his meaning when he made that statement.

As a matter of fact, he did not **retain** possession of the bond but, according to the uncontradicted testimony, he did have it in his possession at the time it was handed to him by Mrs. Green.

The determinative question in this case is, did the action of Mrs. Green meet the requirements of a gift **inter vivos,** which may be again stated from the Bolles case, supra, as

(1) An intention to transfer the title and right of possession to the donee.

(2) In pursuance of such intention, a delivery by the donor.

(3) To sustain a gift evidence of the alleged declaration to establish the essential fact of delivery must include the statement of delivery, or facts from which the actual delivery may reasonably be inferred.

The case of **Streeper v. Myers, 132 Oh. St., 322,** reiterates those things that are essential to a valid gift **inter vivos.** In that case it is held that the validity of the gift is not affected by the fact that the donee's enjoyment is postponed until the donor's death.

"5. Where there has been a completed gift of property the reservation by the donor to himself during his lifetime of the earnings· thereof will·not invalidate the gift."

Two witnesses, Kenneth Schaefer and Edward Gearhart made a trip with Mrs. Green to Indianapolis on which trip Mrs. Green stated to one witness that she had given Emerson a bond without otherwise describing it and to the other witness that she had given Emerson a bond.

The fact that the bond was enclosed in an envelope endorsed in the handwriting of Mrs. Green, "This is the property of Emerson Gearhart" strongly supports the claim of the exceptor that Mrs. Green had completed the essentials of a gift inter vivos. She separated the property and enclosed it in an envelope endorsed in her own handwriting, "This is the property of Emerson Gearhart". This fulfills all the requirements of Syllabus 1 of the Bolles case and of 2, 3 and 5 of the Streeper case.

After giving this matter serious consideration, we arrive at the conclusion that there was a valid gift inter vivos and at the time of the appraisement the bond was the property of Emerson Gearhart and that the judgment of the court below was manifestly against the weight of the evidence.

Holding as we do, it is not necessary to pass upon the questions raised as to the action of the minor or of the establishment of a trust

being, as we are, of the opinion that the evidence is clear and convincing to support the gift.

Judgment of the court below reversed, cause remanded for further proceedings.

BARNES and HORNBECK, JJ., concur.