**HITTLE, Estate of, In Re, Appellant, v GAGLE, et, Appellees.**

Ohio Appeals, Second District, Darke County.

No. 655. Decided January 8, 1948.

S. E. Mote, Greenville, for Elmer W. Hittle, Admr., Appellant.

Henry Knapke, Celina, for Regina Gagle and Linville Gagle, Appellees.

B. A. Myers, Celina, for the Fort Recovery Banking Company, Appellee.

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from a judgment of the Probate Court, finding the defendants not guilty under a citation pursuant to a charge against defendants "of having in their possession monies, * * * things in action, and effects of Mary E. Hittle, deceased." Specifically, that they had secreted and embezzled two $1500.00 certificates of deposit. There was a further charge relating to two other certificates of deposit, which was abandoned on the trial of the citation.

We have been favored with the opinion of Judge Thomas, the trial judge, who concluded that the "testimony * * * is

sufficient to establish the trust by clear and convincing testimony." That is to say that the Fort Recovery Bank held the certificates of deposit in trust for Regina Gagle.

We are of the opinion that the judgment must be affirmed upon any one of three theories.

The proceeding by which the defendants were charged is summary in nature, involving wrongful or criminal conduct on the part of those accused. **Re: Est. of Black, an incompetent, 145 Oh St 405.**

The first ground for supporting the judgment is that, the contract as appearing in the certificates of deposit amplified by the parol evidence relating to the intention of Mary E. Hittle at the time that the certificates of deposit were issued, requires the conclusion that the proceeds of the deposits were to be paid to either Mary E. Hittle or Regina Gagle, joint payees, when due, which provisions, as to payment, extended to the survivor of either.

It appears that Mary E. Hittle, on May 12, 1945, paid for the two certificates of deposit, each in the sum of $1500.00, each payable to Mary E. Hittle or Regina Gagle, each due in six months after date with interest at 1% per annum. Thereafter these certificates were surrendered and new certificates, dated November 13, 1945, in the same amount respectively, and due six months after date with interest at 1% per annum upon surrender of the certificates, each payable to Mary E. Hittle or Regina Gagle.

W. H. Anthony, Cashier of defendant Bank, testified that the certificates in question were paid, with interest, when due to Regina Gagle. He testified that it was not the practice of the Bank to insert the term "survivor" in issuing a certificate of deposit, even though it was the express understanding of those to whom the certificate was issued that survivorship rights were desired. This, of course, does not establish the survivorship right of Regina Gagle to the proceeds of the certificates of deposit but likewise, it does not preclude such rights if they fairly appear from other circumstances. Madeline Dilworth, Bookeeper of defendant Bank, testified that,

"She (Mary E. Hittle) had two certificates and the first she told me to renew, as it was so **either she or Regina Gagle could get the money when it was due.** The second was made out to Mary E. Hittle or Mary Warner. When I had the first finished she said she wanted the second made out so either she or Regina Gagle could get it. She wanted to renew it like the first." (Emphasis ours).

Nothing was said at the time respecting death. Mary E. Hittle died on April 4, 1946, before the certificates were due.

Manifestly, Mary E. Hittle knew the uncertainty of life and that she might die before Regina Gagle, her joint payee. When, then, she told the Bookkeeper who wrote the certificates that she desired them drawn so that either could cash them when due, that instruction was equivalent to an assurance to Regina Gagle of the right to the proceeds of the certificates, if due after the death of Mary E. Hittle, and if she survived Mary E. Hittle. This benefit accrued to Mrs. Gagle by virtue of her contract rights to which the Bank, the decedent and she were parties. **In Re: Est. of Hutchinson, 120 Oh St 542.** If there was any ambiguity in the terms of the certificates it was cleared up by the parol testimony of the Bookkeeper. **In Re. Est of Faulk, etc., 136 Oh St 233.**

The second ground for supporting the judgment is upon the theory adopted by the trial judge. **Smith, Admr. v Ross, et al., 29 Abs 553.**

The third ground for supporting the judgment, in our opinion the most tenable and the one controlling is that upon the uncontradicted facts the ultimate relationship of the parties, namely, Mary E. Hittle and Regina Gagle, was that of donor and donee; that all the elements of a gift inter vivos are established, subject to the observance by the donee of the obligations imposed upon her.

Upon the testimony of Mrs. Gagle and her husband, it appears that on the 16th of January, 1946, Mrs. Hittle suffered a stroke; that Mrs. Gagle and her husband went to the home of Mrs. Hittle and removed her to their home. Mrs. Hittle was a Great-aunt of Mrs. Gagle and reared her from a small child until she was married. Upon leaving her home on the day following her stroke, Mrs. Hittle asked Mrs. Gagle to go to a certain drawer and get a file book. After they had reached Mrs. Gagle's home, the certificates in question were taken from the file book by Mrs. Gagle upon the direction of Mrs. Hittle, and the following was said: Testimony of Mrs. Gagle—

"She (Mrs. Hittle) said that was mine and if she ever needed any money or care, I should cash it and provide for her."

She also instructed Mrs. Gagle to give another certificate to Mildred, a sister of Mrs. Gagle. The certificates were then taken into the possession of Mrs. Gagle and they remained with her continuously for almost three months when Mrs.

Hittle died, and thereafter until they were cashed. Mr. Gagle testified·to substantially the same facts as heretofore set out, except he added that "they were to be hers (Mrs. Gagle) for taking care of her (Mrs Hittle)."

There were no expenses such as were to be paid by Mrs. Gagle under the language used by Mrs. Hittle when the gift was completed.. **Worthington v Redkey, 86 Oh St 128, Sams v Crone, 12 Abs 605, McEbright v Vogel, 17 O. O. 325, 31 N. E. (2nd) 866, Collins v Sherlock, 29 O. O. 302.** There· was a complete delivery of the certificates to Mrs. Gagle during the lifetime of Mrs. Hittle. It was her manifest intention to relinquish all right therein and to invest Mrs. Gagle with full ownership of the certificates, chargeable only with the obligation such as giving Mrs. Hittle money or paying the expense of her care. **In Re: Est. of Green, 39 Abs. 141, Re. Est of Chase, 31 Abs 111.**

Had there been a failure on the part of the donee, Mrs. Gagle, to observe her obligation respecting the terms of the gift, the administrator would have a cause of action against her in debt but the instant quasi criminal proceeding would not be the appropriate form of action. 5th Syl. Re. Est. of Black, supra.

The judgment will be .affirmed.

WISEMAN, PJ, and MILLER, J, concur.