*Judgment reversed and cause remanded with instructions.*

Fess and Hornbeck, JJ., concur.

Deeds and Fess, JJ., of the Sixth Appellate District, and Hornbeck, J., of the Second Appellate District, sitting by designation in the Tenth Appellate District.

Kinney, Admx., et al., Appellants, *v.* Wasserman, Exrx., et al., Appellees.

(Nos. 8331 & 8332—Decided October 28, 1957.)

*Mr. Harry Kasfir, Mr. Robert French* and *Mr. Robert Ovington,* for appellants.

*Mr. Robert N. Gorman, Mr. Arthur Spangenberg* and *Mr. Otto G. Spangenberg,* for appellees.

LONG, J.   Samuel Wasserman executed a "paper" on July 20, 1931, in which he transferred his shares of stock in the West India Coffee Company, equally to his brother, Isadore Wasserman, and his wife, Anna Wasserman.   In this same paper, he stated that it was his "intention that during my lifetime I shall retain full control of said stock and of said company."

The essential question to be determined is whether the "paper" executed by Samuel Wasserman constituted a gift. It appears that what Samuel Wasserman did here was to establish a trust, reserving a life interest in the property.   He did actually cause to be transferred certificates of stock from his name and delivered them to the Spangenbergs to hold till his death, thus making them trustees for the benefit of his wife and brother.   It is well settled that a person may transfer property in trust and such transfer will operate as an executed gift *inter vivos.*

We hold that the delivery to the Spangenbergs satisfied the requirements of a valid gift *inter vivos.*

The judgments of the Court of Common Pleas are affirmed.

*Judgments affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.