L. A. ANDREW, State Superintendent of Banking, Receiver, Appellee, v. CITIZENS STATE BANK OF EAGLE GROVE et al., Appellees; A. E. RUSE, Administrator, Appellant.

238

NOVEMBER 22, 1927.

REHEARING DENIED FEBRUARY 11, 1928.

*Clyde C. Coyle*, for appellant.

*J. W. McGrath*, for L. A. Andrew, appellee.

*Nagle & Hill* and *Helsell, Helsell & McCall*, for Hazel Pent, appellee.

*Helsell, Helsell & McCall*, for Nelson Williams, appellee.

STEVENS, J.—I. On May 13, 1924, Frances L. Mount deposited $2,000 in the Citizens State Bank of Eagle Grove, Iowa, for which a certificate of deposit, known in the record and hereafter referred to as No. 41072, payable to her order, was issued to her. On the same day, another certificate, designated as No. 41071, in renewal of a previous one for $2,000, "payable to the order of self or Hazel Pent, daughter," was issued and delivered to her. On or about January 25, 1925, Frances L. Mount died intestate, at Hamilton, Ohio. On January 26th, Nelson Williams, a resident of Ohio, was appointed administrator of her estate. The two certificates of deposit above referred to were found among her effects, and taken into his possession by the Ohio administrator. On or about March 5, 1925, A. E. Ruse was appointed administrator of the estate of Lelia Mount Dean, in Humboldt County, Iowa. It is agreed that Frances L. Mount and Lelia Mount Dean was one and the same person. The decedent for many years resided in Humboldt County with her husband, who continues a resident thereof. Decedent and her husband lived apart. On and just prior to March 20, 1925, demand was made on the Citizens State Bank by the Ohio administrator for the payment of Certificate No. 41072. Payment was refused by the bank, upon the ground that an administrator of the estate of Mrs. Dean had been appointed in Humboldt County, who had notified it to hold the deposit. The Iowa administrator also demanded payment of both certificates. Hazel Pent, the decedent's daughter, who, we gather, is a resident of Ohio, de-

manded payment of Certificate No. 41071. Payment of this certificate was also declined by the bank.

On June 30, 1925, A. E. Ruse, the Iowa administrator, commenced an action in equity against the Citizens State Bank, to recover the entire deposit of $4,000. The two certificates of deposit remained in the custody of the Ohio administrator. The bank filed answer to the petition in equity, admitting the genuineness of the certificates and its willingness to pay the same to the proper party, and asked that the court make such order in the premises as would protect it from further liability. A few days later, Hazel Pent appeared in the equity case, and filed a petition in intervention, alleging ownership of the certificate claimed by her, and asking that the amount represented thereby be paid to her. Just prior to the filing of the petition in intervention, the bank filed an application in the equity case, asking that it be permitted to pay the money to the clerk of the district court, and that it be relieved from further controversy or liability in the matter. Thereupon, the court ordered the bank to retain the deposit in its possession until further disposition could be made thereof. As a part of the same order, the court directed that the Ohio administrator and the Second National Bank of Ohio, through which demand had been made by the Ohio administrator for payment of Certificate No. 41072, be made parties to the action, and directed the clerk to cause a notice to be served upon them. On November 23d following, Nelson Williams, the Ohio administrator, filed a special appearance, reciting many of the matters hereinbefore stated, and alleging that proceedings were pending in the Ohio court to determine the respective rights of the parties to the certificate claimed by Hazel Pent, and that her claim would have to be there litigated.

In January, 1926, the Iowa administrator filed an amendment to his petition, alleging that the Citizens State Bank had closed its doors, and that its affairs had been taken over by the state superintendent of banking, as receiver. Later, several amendments to the answer of the bank were filed by the receiver, in which the court is asked to determine the ownership of the certificates, and to establish and adjudicate the claims of the respective parties thereto. By agreement of counsel, the case, except the petition in intervention, was transferred to, and later

240

assigned for hearing and tried in, the receivership proceeding.

On February 10, 1926, Hazel Pent filed a claim in the receivership, alleging her ownership of Certificate No. 41071, and asking the establishment of a preferred claim against the receiver. Thereafter, the Ohio administrator filed a claim in the receivership proceeding for $4,000, asking that same be established and allowed as a preferred claim. No other pleadings of any kind were filed, either in the equity case or in the receivership proceedings.

On the first day of April, 1926, a trial was had, upon a stipulation of facts, the testimony of the Iowa administrator, and certain documentary evidence offered by the Ohio adminstrator. The court found that the Ohio administrator was entitled to have Certificate No. 41072 paid to him, and gave him the status of a depositor. The court also found that Hazel Pent was entitled to have the remaining certificate paid to her, with the same order as to payment. A preference was denied as to both claims. Both administrators appeal. As the appeal of the Iowa administrator was first perfected, he is denominated the appellant.

It is the contention of the Ohio administrator that the decedent was domiciled in Ohio, and that the primary administration is in that state; whereas the appellant contends that the residence of the decedent was that of her husband, and that the primary administration is in Humboldt County, Iowa. It is unnecessary at this time to decide this controversy. Both administrators contend that, after demand was made of the bank for the payment of the certificates, and the refusal thereof, an implied trust arose in favor of the beneficiary thereof, and that the order of the court, entered in response to the application of the bank for permission to pay the money into court, operated to create an express trust, and that, at the time the receiver was appointed, the bank held the fund as trustee of the person entitled to receive payment thereof. For reasons presently to be stated, it is unnecessary for the court to decide this point. Hazel Pent has not appealed, but asks only that the order entered below be affirmed.

To entitle either claimant to preferential payment of the claims in controversy, it must be made to appear that the trust fund, if any, passed into the possession of the receiver in aug-

mentation of the assets of the bank. The only evidence on this point is the following concession of the attorneys for the receiver:

"It is conceded that there were sufficient assets to pay the certificate that was presented, being Certificate 41072."

Counsel for the respective claimants and for the receiver do not agree as to the application to be made of the foregoing concession. The certificate therein referred to was, as previously stated, at the request of the Ohio administrator, presented to the bank for payment. Whether the concession of counsel refers to the assets of the bank at the time of the presentation of the certificate or to the assets that passed into the possession of the receiver, it is impossible to tell. The use of the word "presented" with particular reference to the one certificate is significant. The Ohio administrator has at all times claimed that he is entitled to have the entire fund paid to him, and in this proceeding, as a preferred claim. The concession cannot, in any event, be made to cover the remaining certificate. Except for the concession of counsel, the record is wholly barren of any testimony in any way tending to show what, if any, assets the bank possessed at the time the receiver was appointed. That something passed into his possession may, of course, be inferred from the amendment to the answer of the bank, in which he asks that the court determine to whom payment of the certificate shall be made, and from the nature of the transaction. It cannot, however, be presumed that the fund was not dissipated by the bank, or that any money passed into the hands of the receiver. If it be conceded, for the purpose of argument, that a trust was created, as claimed by counsel, nevertheless, in the total absence of proof as to what was taken over by the receiver, the presumption that the bank retained the trust fund cannot be indulged. The court, on the record before us, properly denied preferential payment of the certificates.

II. This leaves only the controversy between the two administrators as to who is entitled to the payment of Certificate No. 41071, and as to the interest of Hazel Pent, if any, in this certificate. The husband of decedent is a resident of Humboldt County. He has the interest of a surviving spouse in the estate.

 The Iowa administrator has $2,900 derived from the sale of real estate in his possession. Unpaid claims filed in Humboldt County, amounting to $350, so far as the record shows, represent the only indebtedness against the estate. There remains, of course, the expense of administration. The question of the primary administration may be determined by the court in probate. No sound reason is suggested why payment should be made by the receiver to the Ohio administrator, in preference to the appellant. Apparently, nothing remains to be done by either administrator except to make distribution. The extent of the estate does not appear. The amount in the possession of appellant is more than sufficient for the payment of claims, but the surviving spouse is entitled to his proper share of the estate. It will be convenient for the receiver to pay the claim allowed to the estate to the Iowa administrator, and also to pay the husband his distributive share. The receiver has at no time denied the claims filed, nor sought to avoid the payment thereof, in whatever form they might be allowed by the court. There is, therefore, no controversy between claimants and the receiver as to the liability of the latter. In this situation, we see no good reason why payment may not be made by the receiver to the Iowa administrator. Nothing is adjudicated thereby, except the right of possession. The necessary and proper orders may be made in probate at any time.

We are of the opinion that the district court should have ordered the receiver to make payment to the Iowa administrator. *Knight v. Moline, E. M. & W. R. Co.*, 160 Iowa 160; *In re Estate of Gray*, 201 Iowa 876; *In re Estate of Lane*, 199 Iowa 520; *North Western Mut. Life Ins. Co. v. Johnson*, 275 Fed. 757. The order of the district court will, therefore, be modified, and the receiver authorized to pay the claim, so far as the assets in his hands are available, to appellant.

III. The controversy as to the interest of Hazel Pent in Certificate No. 41071 is apparently between herself and appellant. No direct reference is made by counsel for the Ohio administrator in argument thereto. As previously stated, the petition of intervention filed by her in the equity case was not transferred to the receivership for disposition. It is stipulated by counsel that the

petition was dismissed. No other proof was offered on this point, neither was a plea of prior adjudication interposed by appellant or the other claimant. No answer was filed by appellant to the claim filed in the receivership. We think it manifest that the court was in no way advised as to the ground upon which the petition was dismissed. The order was entered by one of the other judges of the district court of Humboldt County. It is necessary, to be available as an estoppel, that prior adjudication be pleaded. *Johnson v. Farmers Ins. Co.*, 184 Iowa 630; *Cedar County v. Moore*, 173 Iowa 286; *Majestic Co. v. Davis Co.*, 170 Iowa 5. The finding of the trial court on this point, it seems to us, is justified by the record.

Appellant also insists that the burden was upon Hazel Pent to allege and prove that a gift of the certificate was intended and made to her by her mother. While no evidence was offered for that purpose, we think the necessary inference from matters appearing in the record is that Hazel Pent was a resident of Illinois. Her father resided in Humboldt County, and her mother in Ohio. The certificate was lawfully payable to her after her mother's death, upon the surrender thereof to the bank issuing it. Section 9267, Code of 1924. No other reason for the mother's making the certificate payable to herself or daughter than that she intended her to receive the money, unless paid out on her own order, is suggested. The fact that the certificate remained unpaid and unchanged is some evidence of the mother's intention. The record discloses neither pleading nor proof in any way denying or explaining the purpose and intention of the mother. The manner in which the certificate was issued is, of course, not conclusive. No matter of convenience could be served, as payment could as well have been made to the decedent in Ohio as to the claimant in Illinois. Counsel for appellant cites and relies upon *In re Judicial Settlements of Accounts of Bolin*, 136 N. Y. 177 (32 N. E. 626); *Taylor v. Coriell*, 66 N. J. Eq. 262 (57 Atl. 810); *Bath Sav. Inst. v. Fogg*, 101 Me. 188 (63 Atl. 731); *Kennedy v. McMurray*, 169 Cal. 287 (146 Pac. 647).

While some of the foregoing cases hold that the mere form of the deposit, as entered upon the books of a bank and upon the pass book, is not sufficient to prove a gift, there were circumstances in all of the cases that bore more or less directly upon

the intention of the depositor. Hazel Pent was not present at the trial, either in person or by counsel, as we understand the claims now made. The court, however, was asked by the receiver to determine and adjudicate the ownership of the certificates, and to direct the receiver in the matter of payment, and upon the facts and circumstances presented, found in her favor. With this finding, although upon meager and inconclusive evidence, we are not disposed to interfere.

Except for the modification already stated, the order and judgment of the court below will be affirmed.—*Modified and affirmed.*

EVANS, C. J., and FAVILLE, KINDIG,. and WAGNER, JJ., concur.