C. W. HOLLINGSWORTH, Administrator, Appellant, v. LILLIAN HOLLINGSWORTH, Appellee.

No. 40662.

APRIL 10, 1931.

REHEARING DENIED SEPTEMBER 26, 1931.

Hann & Randall and T. M. Ingersoll, for appellant.

E. A. Johnson, for appellee.

ALBERT, J.—Marion A. Hollingsworth and the defendant, Lillian Hollingsworth, were husband and wife. The husband died intestate on the 7th day of January, 1929. Administration was granted and letters issued to the plaintiff.

On February 5, 1924, the defendant, Lillian Hollingsworth, sold a piece of real estate owned by her in the City of Cedar Rapids, resulting in a net proceeds to her in cash of $5,950.00. On that date this amount was deposited in the Cedar Rapids National Bank in the name of the husband and wife. After the death of the husband, the wife drew the balance due on said account of $2,048.79, whereupon the administrator instituted this action claiming that the fund was held as a tenancy in common between husband and wife, and that he, as such administrator of the husband's estate, was entitled to one-half thereof, and prayed decree accordingly, which was denied by the district court.

At the time this deposit was made, Mr. and Mrs. Hollingsworth signed and delivered to the bank a card, the material part of which is as follows: ''We hereby agree to the by-laws, rules and regulations of this bank. It is hereby expressly agreed with the Cedar Rapids National Bank that all moneys deposited with said bank by either or both of the undersigned, shall be placed by said bank to the credit of us jointly, and may be withdrawn from, or paid out by said bank upon a order of both of us, and that upon the death of either of us, the survivor shall have the absolute right to withdraw or be paid all moneys not then withdrawn. (Signed) Mrs. M. A. Hollingsworth; Marion A. Hollingsworth.''

There can be no dispute under this record that this original deposit was the property of Mrs. Hollingsworth. The bank book, which is in evidence before us, shows that the interest on this savings account was credited to the account from time to time, and at other times small deposits were made, but by whom is not shown. The evidence shows that living expenses, doctor and

hospital bills of the family were paid from time to time out of this account, and the balance on hand at the time of the death of the husband was the amount above stated.

The husband had been previously married and left surviving him two children of this former marriage. He had no children by the second wife, the defendant herein.

The question involved is the single one of whether or not the wife is entitled to retain the balance of this bank deposit or whether or not the plaintiff, as administrator of the husband's estate, is entitled to one-half thereof. The solution of this question involves a maze of authority as will be seen by referring to L. R. A. 1917C, 548; 48 A. L. R. 182 *et seq.*; 66 A. L. R. 870 *et seq.*, where all of the cases touching this question are annotated in the notes.

It will be found by a reference to these authorities that under a set of facts similar to those involved herein, three theories have been developed,—a gift theory, a trust theory, and a joint tenancy theory. Aside from the above theories, another theory is developed of a joint interest or joint deposit theory as is illustrated by the case of Cleveland Trust Co. v. Scrobie, 151 N. E. (Ohio) 373.

It will be noticed that in the cases from this jurisdiction we have not definitely tied ourselves to any one of these particular theories. The last expression is In re Estate of Belgard, 202 Iowa 1356, where the case was tried and submitted on the gift theory and we said:

"The finding of the court below that, as a matter of fact, the gift, if such it should be called, was fully consummated, will not be disturbed on appeal."

We had something of a similar situation in In re Fenton Estate, 182 Iowa 346, but as will be noted on page 355, we did not pass upon this question.

In Andrew v. Citizens State Bank of Eagle Grove, 205 Iowa 237, the certificate of deposit was made payable to the "order of self or of Hazel Pent, daughter," and was delivered to her. The word "self" referred to was the mother of Hazel who deposited the money. It will be noticed in this case there was no provision for payment to the "survivor." We said:

"The certificate was lawfully payable to her after her mother's death, upon the surrender thereof to the bank issuing it. Section 9267, Code, 1924. No other reason for the mother's making the certificate payable to herself or daughter than that she intended her to receive the money, unless paid out to her own order, is suggested. The fact that the certificate remained unpaid and unchanged is some evidence of the mother's intention. The record discloses neither pleading nor proof in any way denying or explaining the purpose and intention of the mother. The manner in which the certificate was issued is, of course, not conclusive. No matter of convenience could be served, as payment could as well have been made to the decedent in Ohio as to the claimant in Illinois." Certain cases are here cited, and we then said: "While some of the foregoing cases hold that the mere form of the deposit, as entered upon the books of a bank and upon the pass book, is not sufficient to prove a gift, there were circumstances in all of the cases that bore more or less directly upon the intention of the depositor. Hazel Pent was not present at the trial, either in person or by counsel * * *. The court, however, was asked by the receiver to determine and adjudicate the ownership of the certificates, and to direct the receiver in the matter of payment, and upon the facts and circumstances presented, found in her favor. With this finding, although upon meager and inconclusive evidence, we are not disposed to interfere."

It will be noted that the underlying thought in this case, like the Ohio case heretofore referred to, was that the intention of the parties should control the disposition of the fund. Stripped of the various terminology incident to such propositions, it is apparent that this husband and wife had an agreement that these funds were to be deposited, provided for the use thereof, how the same could be withdrawn, and further provided that on the death of either, the survivor should have the balance of the fund. The fund originally belonged to the wife. She never fully parted with her ownership thereof. She did have this agreement that this fund should be deposited in their joint account, but differing from all of the cases that have been called to our attention, the writing provided that the funds could not be withdrawn without the consent of both parties. It was her

fund in the first instance, and none of it could pass to the husband without her consent. True, what funds he may have drawn from this account were drawn as they only could be,—with her consent,—and what he had received therefrom up to the time of her death, of course would be his. But, the fund that still remained in the bank at the time of his death was still the fund of the wife. She had never parted therewith and never agreed to part with any portion of it without her consent. This was the evident intent of the parties at the time the deposit was made and the intent seems never to have been changed.

We hold that the fund in the hands of the wife belongs to her on any theory of the case that may be developed. The holding of the district court reached this same result and we are abidingly satisfied that the decision was right.—Affirmed.

FAVILLE, C. J., and STEVENS, WAGNER and GRIMM, JJ., concur.