KELBERGER, Administrator, Appellant, vs. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF LA CROSSE, Respondent.

*June 2—June 28, 1955.*

For the appellant there were briefs by *Johns, Roraff, Pappas & Flaherty* of La. Crosse, and oral argument by *Robert D. Johns*.

For the respondent there was a brief by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Quincy H. Hale*.

GEHL, J.   The record establishes clearly that there was a close relationship between these two ladies and that it was intended by each of them that the accounts to which we have referred, including the one involved on this appeal, should be treated as joint accounts and should go to the survivor in the event of the death of either. The desire of the sisters to pool their assets is further indicated by the fact that each

had taken out a life insurance policy naming the other as beneficiary, each had bought a $50 United States savings bond payable to the other, and each took out an accident insurance policy naming the other as beneficiary.

The courts have recognized various theories upon which the rights of a survivor to a fund deposited in the name of the owner and another may be based. Some have held that the survivor's title rests upon a gift, some that it rests upon trust, and others that it rests upon the theory of contract between depositors and the bank. The Massachusetts court has had frequent occasion to, and has frequently held that the right of a named codepositor to funds deposited by another in a joint deposit rests upon the contract between the depositors and the bank. *Chippendale v. North Adams Savings Bank* (1916), 222 Mass. 499, 111 N. E. 371; *Perry v. Leveroni* (1925), 252 Mass. 390, 147 N. E. 826; *Bedirian v. Zorian* (1934), 287 Mass. 191, 191 N. E. 448; *Goldston v. Randolph* (1936), 293 Mass. 253, 199 N. E. 896; *Ball v. Forbes* (1943), 314 Mass. 200, 49 N. E. (2d) 898. The courts of other jurisdictions have so held. See Anno. 103 A. L. R. 1123; Anno. 135 A. L. R. 993; Anno. 149 A. L. R. 879.

By its decision in *Estate of Staver* (1935), 218 Wis. 114, 260 N. W. 655, this court joined Massachusetts. We said that the facts in that case showed a failure to meet the requirements of a trust because of the lack of a showing of an intention to create one, and that they failed to constitute a gift to Frank J. Staver as survivor because there had been no delivery of the certificates of deposit which had been made payable to "Joseph Staver (the sole depositor) or Frank J. Staver." We held that the funds represented by the certificates passed to Frank J. Staver on the death of Joseph by right of survivorship under the contract of deposit. We held that in such case it is immaterial that the evidence of deposit, such as certificate or passbook, is not delivered to the other named depositor.

In *Estate of Skilling* (1935), 218 Wis. 574, 260 N. W. 660, the holding in the *Staver Case* was applied to a savings account payable to the depositor or his son and containing words of survivorship. It was again said that it was immaterial that the passbook had not been delivered to the surviving son and that no joint possession thereof existed.

In *Schwanke v. Garlt* (1935), 219 Wis. 367, 263 N. W. 176, we rejected the claim of the executor of the will of the depositor, who had named her granddaughter joint owner of a savings account, that the court was without authority to hold as we did in the *Staver* and *Skilling Cases* that a bank account payable to two persons or the survivor was governed by the principles of contract; we held again that it was immaterial that the passbook had remained in the exclusive possession of the grandmother and that the granddaughter took by right of survivorship.

This court has not had occasion to consider a case involving some of the circumstances to which the parties refer in support of their respective contentions. They have been considered by the Massachusetts court, and since that court has consistently held, as we have since the *Staver Case,* that the right of the survivorship is determined upon the principles of contract, we regard the conclusions of that court as being highly persuasive.

The Massachusetts court has held that the determination of the interest which a survivor has in the deposit is dependent primarily upon the intention of the depositor and that this is a question of fact. *Buckley v. Buckley* (1938), 301 Mass. 530, 17 N. E. (2d) 887; *Milan v. Boucher* (1934), 285 Mass. 590, 189 N. E. 576; *Gibbons v. Gibbons* (1936), 296 Mass. 89, 4 N. E. (2d) 1019. This court has not used the precise expression but a reading of the cases dealing with the subject makes it clear that whether a contract has been made and what its effect is to be depends essentially upon the intention of the parties, particularly of the depositor.

As we have already pointed out, we have held that to establish the right of survivorship it is not necessary that the survivor shall have had possession of the evidence of the deposit. That is in accord with the holding of the Massachusetts court that possession or the lack of it by the survivor of the evidence of deposit, while competent evidence bearing on the matter of intention, is not a controlling factor. *Holyoke Nat. Bank v. Bailey* (1931), 273 Mass. 551, 174 N. E. 230; *Splaine v. Morrissey* (1933), 282 Mass. 217, 184 N. E. 670.

The Massachusetts court has not held that under all circumstances may the failure of the survivor to have signed the signature card at the bank be overlooked, but it has said, and we agree, that the failure does not affect his right to the balance if the intent of the parties to create the right of survivorship is clear. *Brodrick v. O'Connor* (1930), 271 Mass. 240, 171 N. E. 479.

The Massachusetts court has observed in a number of cases in which it has held that a contract creating the right of survivorship had been established that it had been shown that the nondepositing payee had assented to the arrangement. It has not said that such assent is required for the creation of the contract but several times has pointed to the fact. We do not consider that assent on the part of the nondepositor is required to complete the contract. There seems to be no reason why his presence in the making of the contract is necessary. We pointed out in the *Staver Case* that the doctrines relating to contracts for the benefit of third persons, *Tweeddale v. Tweeddale* (1903), 116 Wis. 517, 93 N. W. 440, are not strictly applicable to cases such as we have here. We did, however, discuss the rights of a third-party beneficiary and said that the rules there applicable might well be applied in the *Staver Case*. We said that where a contract is made for the benefit of a third person it is enforceable by him or her against the promisor and that his

rights arise upon the making of the contract and not upon a ratification or assent to it. We consider that the same can and should be said with respect to the instant case.

In *Rhorbacker v. Citizens Bldg. Asso. Co.* (1941), 138 Ohio St. 273, 34 N. E. (2d) 751, the depositor had authorized a bank in writing to withdraw $1,800 from her savings account and to issue a certificate of deposit payable to herself and another or survivor. In the writing directing the transaction she expressed her desire that the other person be not advised of the transaction unless she survived her. Neither party executed a signature card in connection with the certificate and the other person knew nothing about the certificate until after the depositor had died. The Ohio court, after stating that it had adopted the so-called contract theory as distinguished from the gift or trust theory, held that participation in the making of the contract on the part of the co-payee is not always required; that when the certificate was issued an executed contract arose between the depositor and the bank thereby creating an immediate joint and equal interest in the certificate in the depositor and the other person with the attendant incident of survivorship; that the survivor became the owner of a certificate and entitled to its possession and benefits by virtue of the completed contract executed between the deceased and the bank; that assent to the contract by the other person might be presumed, such contract being one of "advantage without burden."

The intention on the part of Julia to create the right of survivorship in her sister is established by the fact of the close relationship which existed between the two, the manner in which they had previously dealt with their respective funds, the presence of Lydia's name upon the bank's ledger sheet and upon the identification sheet, presumably placed there at the direction of Julia, the fact that when Julia was planning to go to Rochester for medical treatment and needed funds

for that purpose she sent Lydia to the bank to draw $500, certainly upon the assumption that by her original transaction at the bank she had created a joint account; and by a statement made before her death by Julia to one Laybarger, a painter employed at her home, that the Burdick (her family) money had not cost her husband anything, and that it was "going back to the Burdicks" in case of her death.

Counsel for plaintiff agree that "determination of the depositor's intent is the crux of the entire matter." But they contend that defendant, Lydia Burdick, has failed because the trial court made no finding that Julia intended to create the right of survivorship in Lydia. It is true that no express finding to that effect was made. The failure to make it will not work a reversal, however, unless it appears probable that the substantial rights of the unsuccessful party have been injuriously affected thereby. *Farmer v. St. Croix Power Co.* (1903), 117 Wis. 76, 93 N. W. 830. Since it appears clearly from the record, particularly from the nature of the testimony adduced by both parties, that counsel understood what the ultimate issue is and tried the case upon the theory that the intent of Julia was the controlling factor we may not say that plaintiff was injuriously affected by the failure to make the finding.

Plaintiff relies principally upon *Ruffalo v. Savage* (1948), 252 Wis. 175, 177, 31 N. W. (2d) 175, where the parents had opened a savings account in the name of a son who had not joined in the transaction and had not signed the signature card. No deposits were made by him. He never had possession of the passbook except on a few occasions for the purpose of making specific withdrawals for the parents. The court held that no title to the credit remaining passed to his estate on his death. There, as is the case here, an issue of fact was presented and this court sustained the trial court's finding that the parents "at all times intended to reserve to themselves the ownership and control of the account until such time as they elected to complete a gift to the son of the

amount on deposit." This court said that it had not been established that a contract enforceable by the son had been made, that he could have obtained title only by virtue of a gift and the gift could not have been completed without the delivery of the passbook for the purpose of making the gift. The cases are distinguishable upon the ground that the facts are dissimilar, particularly because in the *Ruffalo Case* the facts did not disclose an intention on the part of the depositor to create in the nondepositor the right of survivorship.

No hard and fast rule applicable to the issue can be read out of the cases which have dealt with the question. No more can be said than that it is the intention of the depositor which controls, and that each case must be considered in the light of its facts and circumstances. The facts in this case clearly show an intention on the part of Julia to create in Lydia, as her survivor, the right to the balance of the account.

*By the Court.*—Judgment affirmed.