Estate of Roth : Roth, Respondent, v. Filipek, Appellant.

*October 27—November 24, 1964.*

530

For the appellant there was a brief by *Harwood H. Staats* of Cudahy, attorney, and *Suel O. Arnold* and *Arnold, Mur-*

*ray & O'Neill* of counsel, all of Milwaukee, and oral argument by *Suel O. Arnold.*

For the respondent there was a brief by *Kurt Schnellbaecher* and *Bernard F. Mathiowetz,* both of Milwaukee, and oral argument by *Mr. Mathiowetz.*

BEILFUSS, J. On this appeal we have concluded that the proceeds of the bank account are the property of Mr. Roth, and that the cash found in the safe-deposit box is an asset of Mrs. Roth's estate.

### The Bank Account.

The contract theory of joint bank accounts, adopted by this court in *Estate of Staver* (1935), 218 Wis. 114, 260 N. W. 655, relies on the contract of deposit rather than delivery of evidence of the chose in action for the perfection of the joint interests of donee and donor depositors. "The instrument in legal contemplation vests ownership in a chose in action according to its terms. The joint interest is perfected by the initial delivery, and no further transfer is required by the depositor." *Estate of Staver, supra,* page 120.

In the *Staver Case* doubt was expressed whether the circumstances surrounding the creation of a joint bank account could be used to prove lack of donative intent, and thereby rebut the presumption that a joint interest was created in the promisees. In *Estate of Hounsell* (1948), 252 Wis. 138, 31 N. W. (2d) 203, it was pointed out that a donor-depositor claiming that no joint interest was created was in effect seeking to reform evidences of title.

Later cases have departed from *Staver* and *Hounsell* to the extent that the intention of the donor-depositor to create a joint tenancy in the chose in action controls a joint bank

account case. The form of the bank account is not determinative, but must be considered with the surrounding facts and circumstances in order to ascertain the intent of the donor-depositor. The contract raises a rebuttable presumption that the usual rights incident to jointly owned property were intended to vest in the donee-depositor. This presumption can be overcome by clear and convincing evidence. *Estate of Kemmerer* (1962), 16 Wis. (2d) 480, 114 N. W. (2d) 803; *Estate of Pfeifer* (1957), 1 Wis. (2d) 609, 85 N. W. (2d) 370; *Zander v. Holly* (1957), 1 Wis. (2d) 300, 84 N. W. (2d) 87; *Estate of Schley* (1955), 271 Wis. 74, 72 N. W. (2d) 767; *Kelberger v. First Federal Savings & Loan Asso.* (1955), 270 Wis. 434, 71 N. W. (2d) 257; *Plainse v. Engle* (1952, 1953), 262 Wis. 506, 56 N. W. (2d) 89, 57 N. W. (2d) 586.

The contract-signature card which presumptively created the joint account between Mr. and Mrs. Roth provided: "The money now and hereafter deposited is owned as joint tenants by the persons named, . . ." Mr. Roth testified he signed this card without knowing what it was. The trial court found that Mr. Roth never intended to make a gift of his earnings to his wife.[1] From our review of the record, although a close question, we cannot say this finding is against the great weight and clear preponderance of the evidence. The finding must stand. We consider erroneous the trial court's conclusion that Mr. Roth was the owner of the bank account by right of survivorship of the joint tenancy between himself and his wife.

As to the three-named account, the same rule must apply. The trial court found that Mr. Roth did not intend to make a gift to his wife and that he did not intend to create a joint interest in Mr. Filipek. Even under the testimony most

[1] See *Estate of Budney* (1957), 2 Wis. (2d) 389, 86 N. W. (2d) 416.

favorable to Mr. Filipek—the statement attributed to Mrs. Roth that Filipek "should share in something if anything happens to us" would not create a present interest in Filipek. For the same reason as stated above, the presumption of joint tenancy has been overcome by the finding of the trial court and Mr. Filipek has no claim to the bank account.

### *The Cash in the Safe-Deposit Box.*

Mr. Roth testified that his wife placed the money in the safe-deposit box. Although his testimony is not clear on this point, apparently he did not enter the box while his wife was living. Mrs. Roth gave Mr. Filipek a power of attorney over the box which, of course, terminated on his notice of her death. Sec. 243.06, Stats.

The trial court found that the cash belonged to Mr. Roth "for the same reasons as stated regarding the bank account." In Anno. 14 A. L. R. (2d) 948, 954, it is said:

"In a clear majority of jurisdictions where the point has arisen, deposit of articles in a jointly leased or used safe-deposit box of itself works no change in title unless there is an express agreement that the contents of the box shall be joint property."

See also Anno. 101 A. L. R. 832 and Anno. 113 A. L. R. 573, 575.

Here the contract leasing the safe-deposit box is not in evidence. Therefore, there is no basis on which it can be said that a joint tenancy was created in the money found in the safe-deposit box. The problem is determining who owned the cash when it was placed therein.

The trial court found that the source of all the assets in this case was Mr. Roth's earnings. As appellant Filipek points out, this finding was based on a faulty recollection of

the record. Mr. Roth himself testified that his wife realized about $1,200 from the sale of some real estate in 1950 or 1951. With the exception of $1,350 in United States savings bonds in joint names, the contents of the box other than the cash were the individual property of Mrs. Roth. We consider this persuasive evidence that the money belonged to Mrs. Roth. It is unlikely that she would commingle her own funds with those of her husband in the bank accounts.

We conclude that the $1,480 cash in the safe-deposit box is an asset of Mrs. Roth's estate.

Mr. Filipek was adopted by other persons prior to the marriage of Mr. and Mrs. Roth. Under sec. 48.92, Stats., his rights as next of kin to his natural mother have been terminated notwithstanding the fact that prior to 1955 he was her next of kin under sec. 322.07, Stats. 1953. *Estate of Hood* (1931), 206 Wis. 227, 239 N. W. 448. The document purporting to be Mrs. Roth's will has not been admitted to probate. If it is, Mr. Filipek stands to inherit the money. If not, Mr. Roth does.

*By the Court.*—Judgment reversed, and cause remanded for proceedings consistent with the opinion. No costs to be taxed on this appeal.