IN RE ESTATE OF FRANK J. STAMETS, deceased.

BEULAH JOHNSON, administratrix, appellant, v. LENA STAMETS, appellee.

No. 52380.

(Reported in 148 N.W.2d 468)

FEBRUARY 7, 1967.

Mullin & Mullin, of Creston, for appellant.

Killmar & Reynoldson, of Osceola, for appellee.

GARFIELD, C. J.—This is an action for declaratory judgment by Beulah Johnson, administratrix of the estate of Frank J. Stamets, deceased, asking that a deposit of $16,280 in the First National Bank of Lenox be declared an asset of the estate and that Lena Stamets, joint payee of the deposit with alleged right of survivorship, has no interest therein. Following trial in equity the district court awarded the fund, which the bank paid into court, to Lena and plaintiff has appealed.

On November 7, 1960, decedent opened a savings account in the bank of $16,000 transferred from another bank. This amount with interest of $280 was in the account when decedent died January 13, 1965. The account stood in the names of "Frank Stamets or Lena Stamets" on the signature card and passbook. On the deposit slip and ledger sheet the names were merely "Frank or Lena Stamets". Frank signed the front of the signature card and also the back thereof below this printed matter:

"JOINT ACCOUNT—PAYABLE TO EITHER OR SURVIVOR

"We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives."

The front of this card was headed "Frank Stamets or Lena Stamets—To FIRST NATIONAL BANK IN LENOX".

Lena did not sign either side of the card and apparently did not furnish any of the sum deposited. She is the surviving widow of Frank's brother Melvin who predeceased Frank, a bachelor.

Thelma Godden, an employee of the bank, testified as plaintiff's witness she opened the account for Frank; she insisted Lena's name would not have been on it if Frank had not asked

for it and told her he wanted it to be a joint account with right of survivorship; that where depositors wanted to open a joint account with right of survivorship they were asked to sign the back of the card; she filled out the passbook in her usual manner for making up such an account; Frank withdrew the interest each six months but the principal of the account remained intact; it was necessary for him to present the passbook in order to withdraw interest; before the savings account was opened and continuously thereafter Frank had a checking account in their bank for which he had signed only the front of the signature card; this account was carried in only Frank's name; $587.24 was in this account at his death.

The bank employee was the principal witness for plaintiff. For defendant it was shown Frank, his brother and Lena lived on and operated the home farm about 32 years; Lena cooked, kept house and took care of the chickens; it was a congenial home; the farm was sold perhaps in the late 40s and the three moved to the town of Lenox; Frank stayed with a sister, since deceased, some years and then moved to the Lenox hotel; after Melvin died Frank visited Lena every Sunday and during the week, helped with the work around her place, watched "TV" and rested there; he took his Sunday dinners with her until she was no longer able to prepare them; Lena always did his washing; the two were friendly and congenial.

Frank visited his sister Beulah (plaintiff as administratrix) some but "not too often". A longtime friend testified that when Frank returned to the hotel, after staying with his sister about five months when he was sick, he told the witness she kicked him out. On rebuttal plaintiff denied she ever kicked Frank out.

On the evidence above summarized the trial court in an able opinion held decedent made a valid contract with the bank which created joint tenancy with right of survivorship between him and Lena, who was entitled to the fund as surviving joint tenant. This result was reached on the theory that under the contract between decedent and the bank Lena was a donee-beneficiary.

The court, as we do, evidently found it unnecessary to consider whether the same result could properly be reached under

the theory there was a valid inter vivos gift of the deposit or a trust of which defendant was the cestui.

We approve the trial court's decision and the theory on which it was reached.

I. The point plaintiff seems to rely upon most is that no valid contract for Lena's benefit was entered into without her signature to the agreement on the signature card for joint tenancy with right of survivorship. Plaintiff concedes she could make no valid claim to the deposit if Lena had signed this agreement. However, she argues that without such signature there must be evidence, said to be lacking, other than the agreement that decedent intended to create a joint tenancy with right of survivorship in Lena and himself. The argument is without merit as applied to this record.

II. It is conceded, as it must be, that joint tenancies with right of survivorship may exist in personal property, including bank deposits, as well as real estate. Section 528.64, Codes 1962, 1966, and many Iowa decisions recognize this. We are aware this statute was enacted primarily for the protection of the depository bank, not to establish ownership of the deposit. Perkins v. City National Bank, 253 Iowa 922, 932, 114 N.W.2d 45, 51; Keokuk Savings Bank & Trust Co. v. Desvaux, 259 Iowa 387, 393, 143 N.W.2d 296, 300.

Section 528.64 provides: "Deposit in names of two persons. When a deposit shall hereafter be made in any bank or trust company in the names of two persons, payable to either, or payable to either or the survivor, such deposit, or any part thereof, or interest or dividend thereon, may be paid to either of said persons whether the other be living or not, and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank, banker, or trust company for any payment so made."

It is noted this statute requires only that the deposit be made in the names of two persons, payable to either or to either or the survivor, not that the two persons must actually make the deposit or sign anything.

It is true, as plaintiff suggests, there is no presumption conveyances of real estate or transfers of personalty to two or

more persons create a joint tenancy with right of survivorship. Rather the presumption is they create a tenancy in common unless a contrary intent is expressed. Code section 557.15; In re Estate of Miller, 248 Iowa 19, 22, 79 N.W.2d 315, 318; Hyland v. Standiford, 253 Iowa 294, 299, 300, 111 N.W.2d 260, 264. We think a contrary intent was clearly expressed here.

It is plain a deposit in an ordinary bank creates a valid contract between the bank and depositor under which the former agrees to repay the funds subject to the rules and regulations of the bank. 10 Am. Jur.2d, Banks, sections 338, 340. As stated, the bank has paid this fund into court and makes no claim of noncompliance with any of its rules or regulations.

Here, decedent's deposit and the signature card constituted a contract between him and the bank which created a joint tenancy in the account with Lena even though she furnished none of the funds deposited. The bank's undertaking was to repay the funds upon the order of either decedent or Lena or to the survivor upon the death of either. Deposit of the funds was consideration for the agreement to repay either joint payee or the survivor. Further, since the agreement on the signature card was in writing, consideration is presumed.

See in support of what is just said In re Estate of Winkler, 232 Iowa 930, 937, 938, 5 N.W.2d 153, 157; O'Brien v. Biegger, 233 Iowa 1179, 1196, 11 N.W.2d 412, 420; In re Estate of Murdoch, 238 Iowa 898, 903, 904, 29 N.W.2d 177, 179, 180; McManis v. Keokuk Savings Bank & Trust Co., 239 Iowa 1105, 1109, 33 N.W.2d 410, 412; Hill v. Havens, 242 Iowa 920, 928, 48 N.W.2d 870, 875; 10 Am. Jur.2d, Banks, section 386. See also Keokuk Savings Bank & Trust Co. v. Desvaux, supra, 259 Iowa 387, 391, 143 N.W.2d 296, 298, 299.

The signature cards in the Winkler, McManis and Hill cases were identical with that here except they were signed by both joint payees. No signature card was involved in O'Brien v. Biegger, supra, but after exhaustive analysis of the authorities the opinion clearly adopts the contract theory of joint bank deposits payable to either of two or more persons or the survivor. Hill v. Havens, supra; Hyland v. Standiford, supra, 253 Iowa 294, 301, 111 N.W.2d 260, 264.

If, as in O'Brien v. Biegger, a joint tenancy may be created in a bank account without either joint tenant signing a signature card containing such an agreement it would seem not fatal to a claim of such tenancy that the joint payee who did not establish the account did not sign where, as here, the agreement therefor is clear and unambiguous. This matter is considered infra somewhat more fully.

III. It is thoroughly established by many Iowa decisions that a contract between two parties for the benefit of a third is valid and enforceable by the latter although he does not assent to it, furnish any of the consideration or even have knowledge of it. In re Estate of Lindsey, 254 Iowa 699, 710, 118 N.W.2d 598, 604, 605, and citations; Giarratano v. The Weitz Co., Inc., 259 Iowa 1292, 1305, 147 N.W.2d 824, 832, and citations. See 5 Zollman, Banks and Banking, section 3227.

Several of our cases hold in effect that the rights of a third-party beneficiary may depend on his surviving another beneficiary or the donor. Andrew v. Citizens State Bank, 205 Iowa 237, 243, 216 N.W. 12, 15; In re Estate of Walker, 234 Iowa 1126, 1134, 15 N.W.2d 260, 264; In re Estate of Murray, 236 Iowa 807, 820, 20 N.W.2d 49, 56. See also Abegg v. Hirst, 144 Iowa 196, 199, 122 N.W. 838, 839, 138 Am. St. Rep. 285; Sullivan v. Hudgins, 303 Mass. 442, 22 N.E.2d 43, 44.

IV. We see no sound reason for holding Lena's right to this deposit must fail because she did not sign the signature card. Most of the recent authorities that have come to our attention are to the contrary. Although we have never passed directly upon this particular point, we have never held the signature of the donee-beneficiary to the agreement is necessary to the creation of a joint tenancy in a bank account.

In re Estate of Miller, supra, 248 Iowa 19, 21–23, 79 N.W.2d 315, 317, 318, involved debentures or time certificates of deposit payable to "John Miller or Robert Miller, either one or the survivor." In holding Robert was entitled to the debentures purchased by John with his own money, upon the latter's death, we said:

"There is some evidence of a signature card; but we think it unnecessary to consider whether the record shows this card was

signed by both John and Robert Miller, or by only one, * * *. The actual contract here, as in joint-tenancy deeds, was expressed on the face of the debentures.

"* * * Any language which clearly shows an intent to make the grantees in a written instrument of conveyance or ownership joint tenants is sufficient. * * *

"* * * Since the right of joint tenancy in personal property as well as in real estate is recognized in Iowa [citation], it follows that language which is sufficient to effectuate a joint tenancy in a deed will be equally so in personalty, such as stock certificates, bank accounts, or the debentures involved in the case at bar."

The Miller opinion proceeds to hold (page 23 of 248 Iowa, page 318 of 79 N.W.2d) parol evidence that John intended to treat Robert and another son equally was not competent to vary or contradict the intention expressed in the debentures. Among decisions to like effect is Hyland v. Standiford, supra, 253 Iowa 294, 300, 301, 111 N.W.2d 260, 264, 265.

Of course it is unnecessary for either grantee in a conveyance of real estate in joint tenancy to sign the instrument.

Authorities to the effect it is not necessary for the donee-beneficiary of a joint bank account payable to him or another, or the survivor of either, to sign the signature card or like instrument include Alaimo v. First National Bank, 24 Conn. Super. 369, 190 A.2d 924, 927; Kentfield v. Shelburne Falls Sav. Bk., 273 Mass. 548, 174 N.E. 229, 230; Rhorbacker v. Citizens Bldg. Assn. Co., 138 Ohio St. 273, 34 N.E.2d 751, 752, 135 A. L. R. 988, 989; Barbour v. First Citizens Nat. Bk., 77 S. Dak. 106, 86 N.W.2d 526, 529; Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48; Estate of Green, 46 Wash.2d 637, 283 P.2d 989, 991; Kelberger v. First Federal Savings & Loan Assn., 270 Wis. 434, 71 N.W.2d 257, 260; In re Pfeifer's Estate, 1 Wis.2d 609, 85 N.W.2d 370, 372. See also 5 Zollman, Banks and Banking, section 3222; 4 Corbin on Contracts (1951), section 783 and pocket part; 10 Am. Jur.2d, Banks, section 369, page 332.

We are aware some of the cited precedents involve shares or deposits in savings and loan associations rather than banks. In Krueger v. Williams, supra, a father who acquired such a share

signed his own name and that of his daughter as joint owners on the card.

On the point under consideration, the two Wisconsin cases, supra, follow Estate of Staver, 218 Wis. 114, 119, 260 N.W. 655, 657, which O'Brien v. Biegger, supra, 233 Iowa 1179, 1194, 1195, 11 N.W.2d 412, 419, quotes from at length and commends as expressing correct underlying principles.

In re Roth's Estate, 25 Wis.2d 528, 131 N.W.2d 286, 288, observes that earlier Wisconsin cases have been somewhat modified by adopting the view that the intention of the donor-depositor to create a joint bank account with right of survivorship is only presumptively shown by the form of the account and the presumption may be overcome by clear and convincing evidence. We note that even under this view, for which there is some other authority, plaintiff could not prevail here since there is no evidence, much less clear and convincing evidence, that decedent did not intend to create a joint account with defendant, with right of survivorship. Rather the evidence tends to confirm the thought that the trial court's conclusion and ours carries out decedent's intent.

Incidentally, we have held that the fact the donor-depositor left the principal of the account intact is some evidence of his intention that it should go to the surviving joint payee. In re Estate of Winkler, supra, 232 Iowa 930, 935, 5 N.W.2d 153, 156, and citation. See also In re Pfeifer's Estate, supra, 1 Wis.2d 609, 85 N.W.2d 370, 373.

V. Plaintiff thinks In re Estate of Murdoch, supra, 238 Iowa 898, 904, 29 N.W.2d 177, 180, and In re Estate of Brozenic, 416 Pa. 204, 204 A.2d 918, support her contention that Lena's claim to the deposit must fail because she did not sign the signature card. We must disagree.

In Brozenic the claims not established were based on the contention inter vivos gifts were made. The court merely held there were no completed gifts. The contract theory, admittedly prevailing in Iowa and several other states, was apparently not considered.

Estate of Murdoch involved two separate accounts in different banks. The trial court held there was no intent on the

part of decedent to create a joint account in either bank and denied the claims of the alleged surviving tenant. We reversed this holding as to one account and affirmed it as to the other.

It cannot fairly be said the affirmance as to the one account was placed on the ground the alleged surviving joint tenant did not sign the signature card. Rather it seems to be placed on the ground the signature to that card did not clearly indicate the intention of anyone to create a joint tenancy therein with right of survivorship. The signature, "Will W. Murdoch and Will W. Murdoch by Mrs. W. M.", may well have indicated decedent's intent merely that Mrs. Murdoch (survivor) could make withdrawals from the account, without creating a right of survivorship.

We have never cited the Murdoch case as authority for the proposition that both joint payees of a bank account must sign the signature card or similar written agreement.

As the trial court observed, a valid trust may be created without the signature of the cestui, a joint tenancy in realty with right of survivorship may be created without the signature or knowledge of the surviving joint tenant, a joint tenancy and survivorship interest in government bonds may be created by contract of which the surviving beneficiary knows nothing, and an insurance policy may confer benefits on a third party unaware of the contract. There is no reason, rule of logic or public policy which requires a contrary holding as to a bank account. The question was not presented to us or considered in our Murdoch case.

VI. We may observe that Lena offered at the outset of the trial, in the event the bank account were awarded to her, to pay the only claim against decedent's estate of $1665.95 for funeral and burial expense. The decree requires her to do this and to pay the state inheritance tax on what passes to her.

The decree is—Affirmed.

All JUSTICES concur.