Peter H. PETERSEN, Executor of the Estate of John P. Carstensen, Sr., Deceased, Appellee,

v.

John Peter CARSTENSEN, III, a minor Individual, et al., Appellants,

Louise Schult et al., Appellees.

No. 2-57270.

Supreme Court of Iowa.

Jan. 19, 1977.

George W. Pillers, Jr., of Pillers, Pillers & Pillers, Clinton, for appellants John Peter Carstensen, III, and Phyllis Carstensen.

Paul E. Pfeffer, of Johnson, Oakley & Pfeffer, Clinton, for appellant Meta Johnson.

Jerry D. Van Scoy, of Shaff, Farwell & Senneff, Clinton, for appellee Peter H. Petersen.

Alan H. Mayer, of Mayer, Mayer & Mayer, Clinton, for appellee Loretta Pieper.

Heard by MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The principal question here is whether a certificate of deposit in the name of alternate payees becomes the property of the surviving payee, upon the depositor's death, in the absence of extrinsic evidence showing the depositor had a contrary intention. We affirm a holding by the trial court that it does.

John P. Carstensen, Sr., died testate at the age of 85 on February 1, 1973. A certificate of deposit for $32,500 was found in his safety deposit box. It was dated January 10, 1973, issued by the Iowa State Savings Bank, Clinton, Iowa, and made

payable to "John P. Carstensen, Sr. or Mrs. Loretta Pieper." Carstensen's checking records showed he issued a check to purchase the certificate on the date it bears.

Plaintiff Peter H. Petersen, executor of Carstensen's estate, listed the certificate as joint tenancy property in the estate inventory. Other assets totalled about $26,000. Under decedent's will, executed September 22, 1972, his assets subject to administration were to be divided into 11 equal shares to pass as follows:

John Peter Carstensen, III, grandson, two shares;

Phyllis Carstensen, daughter-in-law, two shares;

Alma Hellinger, sister, two shares;

Loretta Pieper, niece, two shares;

Louise Schult, sister-in-law, one share;

Meta Johnson, sister-in-law, one share; and

Ethel Gundelfinger, niece, one share.

Beneficiary Gundelfinger predeceased testator. Under the will, her interest reverted to the estate.

During the course of administration of the estate, Phyllis Carstensen filed a "claim" alleging that the certificate of deposit was an asset of the estate. The executor then brought this declaratory judgment action, naming the estate beneficiaries and bank as defendants, seeking a determination whether the certificate of deposit was the property of Loretta Pieper by right of survivorship or whether it was among the assets of the estate subject to administration.

In her answer, defendant Pieper alleged she owned the certificate as surviving joint tenant. Defendant Schult supported Pieper's position. In their answers, defendants Carstensen, Hellinger and Johnson alleged the certificate belonged to the estate. In addition, defendant Johnson alleged that a confidential relationship existed between decedent and Pieper.

Trial was to the court at law. All parties were given an opportunity to present evidence. After they did so, the court sustained a motion for judgment in behalf of

Pieper declaring she owned the certificate as surviving joint tenant. Judgment was entered. Defendants Carstensen and Johnson appeal.

■ Although it makes no practical difference here because we are not required to review trial court findings of fact, the case should have been tried in equity. See *In re Estate of Sheimo*, 261 Iowa 775, 778, 156 N.W.2d 681, 683 (1968); § 633.33, The Code.

The trial court decided, as a matter of law, that Loretta Pieper took the certificate of deposit by right of survivorship. In challenging that decision, defendants Carstensen and Johnson contend the court should have held that the certificate was owned by its payees as tenants in common. They assert that because Pieper did not contribute to its purchase, it belongs wholly to the estate.

In arguing that a tenancy in common was established, they rely on the general rule that conveyances of real estate or transfers of personalty to two or more persons are presumed to create a tenancy in common unless a contrary intent is expressed. *In re Estate of Stamets*, 260 Iowa 93, 97–98, 148 N.W.2d 468, 471 (1967).

■ When bank deposits are involved, the issue of ownership is determined under contract law. A bank deposit creates a valid contract between the bank and the depositor by which the bank is obligated to repay the funds subject to its rules and applicable statutes. *In re Estate of Stamets*, supra, 260 Iowa at 98, 148 N.W.2d at 471.

■ It is well established that a depositor may create a joint tenancy with a third person donee-beneficiary by his contract with the bank. *In re Estate of Roehlke*, 231 N.W.2d 26, 28 (Iowa 1975); *Gunsaulis v. Tingler*, 218 N.W.2d 575, 577 (Iowa 1974), and citations. The language of instruments accompanying or certifying the deposit may be in the usual form employed to establish joint tenancies, making the deposit payable to the depositor and another "as joint tenants with right of survivorship and not as

tenants in common." See, e. g., *Roehlke* and *Gunsaulis, supra.*

However, other language may be sufficient to create a joint tenancy. In several cases, deposits made payable to the depositor "or" another payee have been held, in varying circumstances, to be in joint tenancy. See *In re Estate of Martin*, 261 Iowa 630, 155 N.W.2d 401 (1968); *O'Brien v. Biegger*, 233 Iowa 1179, 11 N.W.2d 412 (1943); *Andrew v. Citizens' State Bank*, 205 Iowa 237, 216 N.W. 12 (1927). These cases hold that the depositor's intention in entering the contract with the bank is controlling.

■ Extrinsic evidence is admissible as an aid to ascertaining the intention of parties to a contract when it sheds light on the situation of the parties, antecedent negotiations, and the objects they were striving to attain. *Egan v. Egan*, 212 N.W.2d 461, 464–465 (Iowa 1973); *Hamilton v. Wosepka*, 261 Iowa 299, 306, 154 N.W.2d 164, 168 (1967).

■ Moreover, a statute is also relevant. Section 524.806, The Code, provides:

When a deposit shall be made in any state bank in the names of two individuals, payable to either, or payable to either or the survivor, such deposit, including interest or any part thereof, may be paid to either of such individuals whether the other be living or not, and the receipt or acquittance of the individual so paid shall be a valid and sufficient release and discharge to the state bank for any payment so made.

This provision was enacted to protect the depository bank rather than to establish ownership of the deposit. *In re Estate of Stamets, supra*, 260 Iowa at 97, 148 N.W.2d at 471. However, it has the effect of converting the presumption in favor of tenancy in common, which would otherwise exist, to a presumption in favor of joint tenancy. *McCuen v. Hartsock*, 159 N.W.2d 455, 459 (Iowa 1968) ("This statute appears in the chapter on Banks and Trust Companies and is basically a statute for business convenience and payor's protection. It does, however, create in a survivor a right to

take and use and a presumption of ownership.").

■ Similar statutory language has been given the same effect in other jurisdictions. The leading case on the point is *Estate of Staver*, 218 Wis. 114, 119, 260 N.W. 655, 657 (1935), where, under a provision like § 524.-806, the court in facts analogous to those here held the surviving payee took title to certificates of deposit by virtue of the contract of deposit. We followed *Staver* in *O'Brien v. Biegger*, 233 Iowa 1179, 11 N.W.2d 412 (1943), and its progeny. The statute creates a rebuttable presumption that the depositor intends to create a joint tenancy when he makes a deposit in the names of two individuals, payable to either, or payable to either or the survivor. *Estate of Pfeifer*, 1 Wis.2d 609, 85 N.W.2d 370 (1957). South Dakota followed *Staver* and *Pfeifer* in *Wagner v. Wagner*, 83 S.D. 565, 163 N.W.2d 339 (1969). See also *In re Hittle's Estate*, 78 N.E.2d 764 (Ohio App. 1948).

■ The resulting rule is that a bank deposit in the name of alternate payees becomes the property of the surviving payee upon the depositor's death in the absence of extrinsic evidence showing that the depositor had a contrary intention. When substantial extrinsic evidence is offered in an effort to establish a contrary intention, an issue of fact is generated. However, when the evidence offered to show a contrary intention is not substantial, a joint tenancy exists as a matter of law.

■ In the present case, defendants Carstensen and Johnson assert that the fact Loretta Pieper was treated no better than three other persons in decedent's will evinced an intention on his part not to treat her better than the others outside the will. Thus, they argue, he did not intend that she receive the certificate of deposit at his death. Although the terms of a decedent's will may shed light on the intent issue, we do not find the will constitutes substantial evidence on the issue in this case. It is not sufficiently probative one way or the other of decedent's intention in purchasing the certificate of deposit.

Defendants Carstensen and Johnson also contend they would have proved decedent purchased the certificate of deposit entirely with his own funds if the trial court had not sustained an objection based on the dead man's statute, Code § 622.4, to the banker's testimony to that fact. We need not decide whether the court erred in its ruling. Other evidence established that decedent purchased the certificate from his own funds. Indeed, that is the usual situation. This situation is presupposed under the theory that the alternate payee acquires his interest as a donee beneficiary of the contract of deposit. The fact that decedent purchased the certificate entirely from his own funds is not inconsistent with an intention to create a joint tenancy.

Finally, we agree with the trial court that the record lacked substantial evidence of a confidential relationship between decedent and Loretta Pieper. If substantial evidence had been adduced to support that allegation, the trial court would have been obligated to decide the issue as fact finder. If the relationship were found to exist, the burden would have been on Pieper to uphold the transfer. *First National Bank in Sioux City v. Curran*, 206 N.W.2d 317 (Iowa 1973). Here, however, when the evidence is examined in its light most favorable to the claim of confidential relationship, it shows nothing beyond kind and considerate treatment and an affectionate regard between Pieper and decedent. The evidence would not have warranted a finding of confidential relationship.

The trial court did not err in holding, as a matter of law, that Loretta Pieper became sole owner of the certificate of deposit by right of survivorship.

AFFIRMED.