Donald P. BAIRD, Executor of the Estate of Alva L. Lovell, Deceased, Plaintiff-Appellant,

v.

Gail LOVELL, Defendant-Appellee.

No. 83–215.

Court of Appeals of Iowa.

Dec. 27, 1983.

John D. Sens of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for plaintiff-appellant.

Peter J. Peters, Council Bluffs, for defendant-appellee.

Thomas O'Connor, Brookfield, Ind., for widow Frances Lovell.

Francine O.'Brien Andersen, Audubon, for daughter Betty Wolfe.

Considered by SNELL, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Plaintiff-executor appeals from judgment entered in this equitable action in which the executor sought to recover certain assets taken from a checking account and also asked the court to set aside a certain conveyance of real estate.

During his lifetime, after the death of his first wife and prior to his marriage to his second wife, decedent Alva L. Lovell (herein Alva) made certain changes in his property holdings. In November, 1969, he opened a joint checking account. He designated himself and his son, Gail, the defend-

ant herein, as joint owners. The signature card creating the account contained the contractual terms of ownership and the signature of both joint owners.

Shortly before Alva's remarriage, he sought out legal advice on how to assure that upon his death, his son, Gail, would receive the title to his farm real estate. After being advised of various alternatives, Alva instructed his lawyer to prepare a warranty deed conveying two farms to his son, Gail, reserving a life estate in Alva. The deed was prepared, as was a contract between Alva and Gail. Alva recited in the contract that he had, on the date thereof, conveyed the real estate described in the contract, "to the Second Party, (Gail) by warranty deed, wherein First Party reserves unto himself the life's use of said real estate, ...." The contract further provided, in pertinent part:

1. That as part of the consideration for First Party deeding said real estate to Second Party, Second Party agrees, in behalf of himself, his heirs and assigns, to pay the sum of $15,000.00 to Betty Jane Milne, daughter of the First Party and sister of the Second Party, at and upon the death of First Party, should the said Betty Jane Milne survive him.

The deed and the contract were both executed by Alva, and the contract was executed by Gail. The deed was ultimately left with the lawyer who drafted the documents, with instructions from Alva to record the deed upon his death.

Upon Alva's death, the lawyer holding the deed caused its recording. Gail withdrew all funds from the joint checking account and placed them in a savings account owned by himself. He also tendered $15,-000 to his sister, Betty Jane Milne.

Plaintiff brought this action in equity to recover funds removed by Gail from the joint account and to set aside the deed of real estate to Gail. The trial court held that the joint account passed to Gail, as surviving joint tenant, and that the conveyance of real estate vested the title in Gail. Plaintiff's petition was dismissed.

Our review of this equity action is de novo. Iowa R.App.P. 4. We give weight to the findings of the trial court but are not bound by them. Iowa R.App.P. 14(f)(7).

■ I. Plaintiff claims the trial court erred in holding that the proceeds in the joint checking account passed to Gail as a matter of law. Having reviewed the record on this issue, we agree with the trial court's decision that Gail became the sole owner of the proceeds of the checking account in question at the death of Alva. *See In re Estate of Roehlke*, 231 N.W.2d 26, 28 (Iowa 1975). There was insufficient evidence to overcome the presumption of ownership existing under the law by reason of the nature of the account. *See Petersen v. Carstensen*, 249 N.W.2d 622, 625 (Iowa 1977) (Iowa Code section 524.806 has the effect of converting the presumption in favor of tenancy in common to a presumption in favor of joint tenancy).

■ II. Plaintiff contends that the deed executed by the decedent, which was filed and recorded by the lawyer to whom it had been entrusted, did not convey the real estate there described to Gail. The record shows that Alva executed the deed, acknowledged he had done so in the contract executed the same date, and instructed his lawyer to hold the deed and record it upon his death. There is no evidence in the record to suggest that Alva reserved the right to recall or cancel the conveyance or to recall his instructions to the lawyer. *See Avery v. Lillie*, 260 Iowa 10, 15–16, 148 N.W.2d 474, 477 (1967) (for valid delivery the grantor must intend the deed to be presently effective without any reservation of control).

■ Plaintiff asserted before the trial court that the conveyance of real estate was invalid because of a lack of consideration. Assuming plaintiff did not abandon that contention on appeal, as suggested by defendant, our de novo review causes us to agree with the trial court that such contention is without merit.

We affirm the trial court on all issues. Judgment is ordered against the estate for costs of this appeal.

AFFIRMED.