In the Matter of the ESTATE of Leonard J. KRUSE, Deceased.

Raymond KRUSE, Beneficiary Under the Last Will and Testament of Leonard J. Kruse, Deceased, Appellant,

v.

Robert KINRADE, Executor of the Estate of Leonard J. Kruse, Deceased, Appellee.

No. 2–57751.

Supreme Court of Iowa.

Feb. 16, 1977.

Shaff, Farwell & Senneff by Jerry D. Van Scoy, Clinton, for appellant.

Goodenow & Wright, Maquoketa, for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON, and HARRIS. JJ.

RAWLINGS, Justice.

Upon application of estate executor for interpretation of a will, trial court held the option thereby accorded a named devisee to purchase one-half of a designated farm required payment of the value placed on such portional part, not one-fourth the worth of the entire farm. The devisee appeals. We affirm.

October 3, 1973, Leonard J. Kruse died testate. His will was admitted to probate without challenge.

Article 6 thereof provides:

"I give and devise to my cousin, Raymond Kruse, an undivided one-half interest in and to my farm commonly known as the 'Dickey Place'.

"I further provide, as soon as practical after the value has been determined as herein provided, that *the remaining one-half of my farm shall be offered for sale*

*to my cousin, Raymond Kruse for a price equal to one-half of the value placed on said property in my estate for Federal Estate Tax or Iowa Inheritance Tax purposes, whichever is higher.* This offer must be accepted in writing by my said cousin within 90 days after he receives a written notice of such offer to sell from my estate representative. Payment thereof in the event of such acceptance is to be made to my estate within six months after the date such written acceptance has been received by my estate representative and filed in my estate proceedings." (emphasis supplied).

The above italicized words constitute the battle ground of this controversy.

Value of the "Dickey Place" was fixed at $166,200 for both Iowa Inheritance and Federal Estate Tax purposes.

Raymond Kruse (Raymond) asserts he should be permitted to exercise his will-granted purchase right on payment of $41,-550 or one-half the value of the option-related half.

The executor maintains Raymond's given option should be exercisable only upon payment of $83,100 or half the value of the entire farm.

Absent any extrinsic evidence trial court held adverse to the claim thus advanced by Raymond. This prompted the instant appeal. The foregoing divergent views also delineate the sole issue now to be resolved, i. e., did testator, by use of the words "on said property in my estate", mean the preceding "remaining one-half of my farm", or the previously designated "Dickey Place"?

■ I. Our review is de novo. See *Houts v. Jameson,* 201 N.W.2d 466, 468 (Iowa 1972); Section 633.33, The Code 1973; Iowa R.Civ.P. 334, 344(f)(7).

■ II. It is also well settled:
"The basic rules governing our consideration of this will are: (1) the testator's intent is the polestar and must prevail; (2) the *intent must be gathered from a consideration of all the language of the will,* the scheme of distribution, and the facts and circumstances surrounding the

making of the will; and (3) technical rules of construction should be resorted to only if the language of the will is clearly ambiguous or conflicting or testator's intent is for any reason uncertain." (emphasis supplied). *In re Estate of Spencer,* 232 N.W.2d 491, 495 (Iowa 1975).

See also *In re Estate of Fairley,* 159 N.W.2d 286, 288 (Iowa 1968).

III. As expressed in 77 C.J.S., at 551–552, "said" is:

"A relative, well-defined word, with a definite and well-understood meaning. It is a word of reference to what has already been spoken of or specified, and, as employed in various instruments and documents, it refers to some antecedent provision, person, or object; something which has been mentioned above in the document. If there is a question as to which of the antecedent things or propositions specified is referred to, it is generally held to refer to the last of such antecedent propositions or things or to the next antecedent. However, the word 'said' refers to the next antecedent only when the plain meaning requires it, and in every case the reference of the term is to be determined by the sense in which it is employed, and the rule will not be strictly applied where it would result in destroying or materially altering the intention expressed in the whole context of the language under consideration, and the word will be referred to the proper antecedent.

"In legal terminology, 'said' means aforementioned; aforesaid; already spoken of; before mentioned; previously mentioned or named."

Although the word "said" *ordinarily* refers to the last antecedent object, it still remains we must look to the sense in which it is employed in light of all language used.

■ Noticeably, the words "said property" do not instantly stand alone. Rather, testator expressed an intention that Raymond be permitted to purchase the remaining half of the farm, not bequeathed to him, "for a price equal to one-half of the

value placed on said property *in my estate*". Under existing circumstances, we are persuaded testator's use of the qualifying phrase "in my estate" means he intended "said property" be that included in the estate as a whole, or "Dickey Place", here the appropriate antecedent object. If a contrary view were to be adopted the words "in my estate" would, in effect, be excised as meaningless surplusage contrary to the rule expressed in *Estate of Spencer, supra.* See also *In re Estate of Hoagland,* 203 N.W.2d 577, 580–581 (Iowa 1973); *In re Estate of Lamp,* 172 N.W.2d 254, 257 (Iowa 1969).

Briefly stated, this is not a case where the word "said" is used or to be applied in the ordinary sense.

We now hold testator manifested an intention that as a purchase option condition Raymond pay a price equal to one-half the total value of the "Dickey Place".

Although not alone determinative, the above holding is to some degree buttressed by the fact that after testator had expressed himself as aforesaid he directed the option purchase price payable by Raymond be one-half the value as determined "for Federal Estate Tax or Iowa Inheritance Tax purposes, *whichever is higher*". These italicized words indicate testator intended that Raymond, having been accorded half the "Dickey Place" by specific bequest, be required to pay the determined full value of the other half if he elected to exercise his given purchase option.

AFFIRMED.