**John E. BALDRIGE, Executor of the Estate of Pearl Sowash, Deceased, Appellee,**

v.

**Jerry F. GREINER, Appellant.**

**Howard Greiner, Intervenor.**

**No. 2–57897.**

Supreme Court of Iowa.

June 29, 1977.

G. Gifford Morrison Law Office and Robert Bates, Washington, for appellant.

Baldrige & Baldrige, Washington, for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

LeGRAND, Justice.

This matter comes here on a declaratory judgment action seeking construction of the will of Pearl Sowash, who died January 27, 1974. The district court ruled the executor was entitled to certain personal property. On appeal, the Court of Appeals reversed the trial court, holding the property went to Jerry F. Greiner under a bequest of real estate to him. We granted the executor's petition for further review. We reverse the Court of Appeals and reinstate the judgment of the trial court.

In the original action Howard Greiner intervened but he is not a party to this appeal. We concern ourselves only with the interests of the executor and Jerry Greiner.

By Item III of her will, Pearl Sowash provided as follows:

"If my husband Roy A. Sowash shall not survive me [he predeceased her] then I make the following bequests: * * * (d) *To Jerry Greiner, I devise all my interest in the farm upon which he is now a tenant and consisting of approximately 239 acres in Section 23, Township 75 North Range 9 West of the 5th P.M. which my husband and I hold as tenants in common;* (e) To Ralph Schoonover I bequeath all of my interest in the Marion Township farm now owned by me and my husband and consisting of approximately 185 acres more or less which is situated in Sections 4, 5 and 8, Township 74 North Range 7 West of the 5th P.M.; (f) To Howard Greiner I bequeath my interest in our farm in Section 26 and 35, Township 75 North Range 8 West of the 5th P.M. in Franklin Township." (Emphasis added.)

The sole issue is whether the italicized language in the bequest to Jerry Greiner includes personal property used in the farming operation or only the land itself. If the former, Jerry Greiner gets 239 acres of farmland and all the equipment and machinery used to work it; if the latter, the estate is entitled to the personal property for ultimate distribution to the residuary legatee and Jerry would take only the real estate.

The trial court found "farm" described real estate only and ruled in favor of the

executor. The Court of Appeals reversed and remanded for entry of a judgment awarding Jerry Greiner the land and "all the items of personal property associated with the farm operation."

The legal principles upon which this case must be decided are well settled. They have been frequently announced by us, most recently in *In Matter of Estate of Kruse*, 250 N.W.2d 432, 433 (Iowa 1977), where we said:

" 'The basic rules governing our consideration of this will are: (1) the testator's intent is the polestar and must prevail; (2) the intent must be gathered from a consideration of all the language of the will, the scheme of distribution, and the facts and circumstances surrounding the making of the will; and (3) technical rules of construction should be resorted to only if the language of the will is clearly ambiguous or conflicting or testator's intent is for any reason uncertain.' * * [Emphasis omitted.] *In Re Estate of Spencer*, 232 N.W.2d 491, 495 (Iowa 1975). "See also *In Re Estate of Fairly*, 159 N.W.2d 286, 288 (Iowa 1968)."

Somewhat earlier we said in *In Re Estate of Syverson*, 239 Iowa 800, 804–805, 32 N.W.2d 799, 801 (1948):

"The intention of the testator must be ascertained from the will, itself, and from nothing else, if its language is plain and unambiguous. Where the intention is thus clearly and unequivocally expressed there is no need for judicial construction, or extrinsic evidence, and all other rules of testamentary interpretation are inapplicable and must yield. The intention must be that which is manifest from the express language of the will or by necessary implication."

We also said in *Syverson*, 239 Iowa at 807, 32 N.W.2d at 802:

"It is uniformly presumed that the words of the will are used in their natural, usual, popular and conventional meaning."

See also *In Re Estate of Lamp*, 172 N.W.2d 254, 256–257 (Iowa 1969); *In Re Estate of Roberts*, 171 N.W.2d 269, 272 (Iowa 1969);

*In Re Estate of Thompson*, 164 N.W.2d 141, 146 (Iowa 1969).

Both the trial court and the Court of Appeals cited and relied on *Syverson* but reached opposite conclusions. The case is important only for the legal principles stated. The facts are too dissimilar to be of any assistance. The will in *Syverson* referred specifically to personal property. The dispute there concerned what personal property was included.

In the case now before us we must find the testator's use of the term "farm" included the property used on the land in carrying on the business of farming. We are unable to do so. We believe the Court of Appeals erred in saying the language used was ambiguous, requiring judicial construction. We find it to be clear and unmistakable in declaring the extent of the testator's beneficence to Jerry. She gave him 239 acres of farmland and nothing else.

The Court of Appeals attributes some subtle meaning to the testator's use of "*all* my interest*" in the bequest to Jerry while she said only "my interest" in the bequest to Howard Greiner. The court also held the addition of the words "and consisting of approximately 239 acres" to the bequest of the farm "upon which [Jerry] is now a tenant" demonstrated an intent to include both personalty and real estate. We are unable to agree. We see nothing in that language except a further description of the real estate Jerry was to have.

We have found no definition of "farm," either by dictionary standards or in case law, which extends that word beyond real estate. The word has a clear and well defined meaning. It means land upon which farming operations are conducted. It identifies real estate devoted to a particular use. No reasonable interpretation of the term can enlarge it to include the personal property which is used to carry on the business of farming.

We hold the language in the will is clear and unambiguous. Consequently we must construe it by giving the testator's language its usual, ordinary and natural mean-

ing. For the reasons already stated, we hold the bequest to Jerry Greiner did not include personal property.

THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED; THE JUDGMENT OF THE TRIAL COURT IS REINSTATED.