In the Matter of the ESTATE OF Elva H. WILLIAMS, Deceased,

**Arlo Jones, Executor, Appellant.**

No. 93–379.

Court of Appeals of Iowa.

Feb. 25, 1994.

John G. Martens of Sanderson, Ridout & Martens, Estherville, for appellant.

Max O. Pelzer of Anderson, Pelzer & Hart, Estherville, for appellees Tow, Tow, Tow, and Kane.

Heard by SCHLEGEL, P.J., HABHAB, J., and McCARTNEY, S.J.*

SCHLEGEL, Presiding Judge.

The executor appeals the district court's order sustaining the objection to the exclusion of a certificate of deposit from the decedent's estate. The executor argues the district court erred in finding the certificate of deposit had been held by the decedent as a sole depositorship and not as a joint tenancy with full right of survivorship in the executor. In the alternative, the executor contends the certificate of deposit was held as a tenancy in common.

Elva H. Williams died testate on January 28, 1992. Her last will and testament left

* Senior Judge from the 2nd judicial district serving on this court by order of the Iowa Supreme Court.

her entire estate in equal shares to her nine nieces and nephews. Pursuant to her will, one of her nephews, Arlo J. Jones, was nominated and appointed as executor.

The probate inventory listed three certificates of deposit in the amounts of $2000, $2000, and $36,130 as held in joint tenancy between Williams and Jones. Four other devisees, Derrel Tow, Ronald Tow, Steven Tow, and Lucinda Kane, filed objections to the final report relating to these three certificates of deposit.

After a hearing, the district court found the two smaller certificates of deposit had been held in joint tenancy, but the larger certificate of deposit had been held as a sole depositorship. The court sustained the objections related to the $36,130 certificate of deposit but overruled the remaining objections. Jones appeals. We reverse.

■■■ Our review is de novo. *In re Estate of Kruse,* 250 N.W.2d 432, 433 (Iowa 1977). We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

The contested certificate of deposit in the amount of $36,130 was originally opened by Elva Williams in January of 1980. This certificate of deposit was initially issued by the now defunct First Federal Savings and Loan Association of Estherville and Emmetsburg (First Federal). In July of 1980 Arlo Jones's name was added to the certificate of deposit at Elva Williams' request. Jones signed the signature card for the certificate of deposit.

When First Federal failed, its certificates of deposit were purchased by Swea City State Bank. The exact date of purchase was not part of the evidence, however, the trial court found the purchase took place in June of 1990. The record indicates the certificate of deposit was changed at First Federal to a joint tenancy certificate at the request of Elva Williams and was transferred over to the Swea City State Bank as a joint certifi-

cate when the bank took over First Federal's assets.

The certificate of deposit in question was issued by Swea City State Bank on December 30, 1991, and was held in the names of "Elva Williams or Arlo Jones." The law concerning ownership of accounts in a state bank which are payable to one or more persons is contained in Iowa Code section 524.806 (1991), which states:

**Deposit in the names of two or more individuals.**

When a deposit is made in any state bank in the names of two or more individuals, payable to any one or more of them, or payable to the survivor or survivors, the deposit, including interest, or any part thereof, *may be paid to any one or more of the individuals whether the others be living or not,* and the receipt or acquittance of the individuals so paid is a valid and sufficient release and discharge to the state bank for any payment so made. (Emphasis added.)

The Iowa Supreme Court has determined that section 524.806 "was enacted to protect the depository bank rather than to establish ownership of the deposit." *Petersen v. Carstensen,* 249 N.W.2d 622, 625 (Iowa 1977) (citation omitted). However, the court specifically stated that this section "has the effect of converting the presumption in favor of tenancy in common, which would otherwise exist, to a presumption in favor of joint tenancy." *Id.* (citing *McCuen v. Hartsock,* 159 N.W.2d 455, 459 (Iowa 1968)).

The *Carstensen* court continued:

The statute creates a rebuttable presumption that the depositor intends to create a joint tenancy when he makes a deposit in the names of two individuals, payable to either, or payable to either or the survivor. (Citations omitted.)

The resulting rule is that a bank deposit in the name of alternate payees becomes the property of the surviving payee upon the depositor's death in the absence of extrinsic evidence showing that the depositor had a contrary intention. When substantial evidence is offered in an effort to establish a contrary intention, an issue of

fact is generated. However, when the evidence offered to show a contrary intention is not substantial, a joint tenancy exists as a matter of law.

*Id.* The supreme court affirmed this rule of law in *In re Estate of Kiel,* 357 N.W.2d 628, 632 (Iowa 1984).

■ Having reviewed the evidence in the record, we conclude the objectors-appellees have failed to offer substantial evidence to rebut the presumption of joint tenancy ownership. The evidence to the contrary is slight, not substantial. Accordingly, the joint tenancy exists as a matter of law. *Id.*

Here, Clarence Hovey, the manager of First Federal, testified the bank received a request from Williams to add Jones's name to the certificate of deposit in order to create a joint account. Hovey further stated that following this request, Jones's name was added to the account, and the account was considered a joint account with right of survivorship. Similarly, Charlotte Thiesse, an employee of both First Federal and later Swea City State Bank, testified Williams decided to add Jones's name to the certificate of deposit signature card, creating a joint account.

The evidence further reveals that Williams was capable of handling her own financial affairs at all times relevant to this proceeding. Jones assisted Williams with her daily errands and visited Williams on a regular basis. In addition, Williams owned two other certificates of deposits in joint tenancy with Jones. The decedent owned her checking account as a sole depositor account. This fact constitutes further evidence that the placement of Jones's name on the certificate of deposit in question was for the purpose of showing ownership of the account, not for the purposes of business convenience or of facilitating Jones's ability to assist Williams with her affairs. The evidence in this case does not rebut the presumption of joint tenancy ownership.

■ The objectors further argue the joint tenancy signature card signed at First Federal was not signed by both Elva Williams and Arlo Jones at the same time. This argument is without merit. It is not necessary

that both parties sign at the same time. The "four unities" common law rule with regard to the creation of a joint tenancy does not apply in Iowa. *See In re Estate of Baker,* 247 Iowa 1380, 78 N.W.2d 863, 865 (1956). Instead, the intentions of the parties prevail. *Id.* (citation omitted.)

In accordance with the above discussion, we reverse the district court's order sustaining the objection to the exclusion of the certificate of deposit from the decedent's estate. The district court erred in finding the certificate of deposit had been held by the decedent as a sole depositorship and not as a joint tenancy with full right of survivorship in the executor. The certificate of deposit for $36,130 was owned in joint tenancy as a matter of law, in light of the objectors-appellees' failure to establish by substantial evidence the decedent-depositor's contrary intention.

**REVERSED.**